UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KELLY SHEA**, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN INTERNATIONAL COLLEGE**, <br><br> Defendant. | Case No. 1:24-cv-11449-AK <br><br> Hon. Angel Kelley |

### DECLARATION OF CASSANDRA P. MILLER IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Cassandra P. Miller, hereby declare as follows:

1. I am counsel for Plaintiff in the above-captioned case. This declaration is submitted in support of Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement with Defendant American International College ("AIC" or "Defendant"). The Settlement Agreement and its exhibits—including the Claim Form, Short Form Notice, Long Form Notice, Proposed Preliminary Approval Order, and Proposed Final Approval Order—are filed concurrently with Plaintiff's motion. This declaration explains the bases for the Settlement, including the significant relief it affords to Settlement Class Members. I have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

2. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

## LITIGATION BACKGROUND

3. Plaintiff Kelly Shea is a former AIC student whose personal information was impacted by the Data Incident. On September 16, 2024, Plaintiff filed her First Amended Complaint against Defendant in the United States District Court for the District of Massachusetts seeking to remedy the harms caused by the Data Incident. Defendant has represented that approximately 11,822 individuals in the United States were affected by the Data Incident and fall within the proposed Settlement Class.

4. Prior to filing suit, my firm and I conducted extensive investigations into the Data Incident. Proposed Class Counsel analyzed AIC's operations and its relationship with its current and former students. Plaintiff's counsel also investigated Defendant's response to the Data Incident and the adequacy of its data security practices. Plaintiff's counsel examined sample data breach notices and related information that Defendant submitted to the various governmental entities. Proposed Class Counsel analyzed these notices to determine the extent to which they complied with state mandated notice requirements. Furthermore, Plaintiff's counsel researched articles and other information published by journalists and organizations that monitor dark web activity. This enabled proposed Class Counsel to gather information about the cybercriminal group allegedly responsible for the Data Incident, to ascertain the scope of the Data Incident, and to understand what data was affected.

5. Recognizing the risks of protracted litigation, after fully briefing AIC's motion to dismiss, in mid-September 2025, the parties began to discuss settlement. Pursuant to their negotiations, Plaintiff's counsel requested, and Defendant produced, key information to inform the settlement negotiations, including without limitation the size of the Settlement Class, the type of Personal Information affected, and AIC's response to the Data Incident. This information allowed

Plaintiff's counsel to meaningfully evaluate the strengths and weaknesses of the claims prior to engaging in settlement negotiations. AIC has represented that approximately 11,822 individuals were affected by the Data Incident and therefore fall within the definition of the Settlement Class.

6. From approximately September 2025 through December 2025, the Parties engaged in hard-fought settlement negotiations. In their negotiations, the Parties summarized the key legal issues, set forth their respective positions, and exchanged damages analyses. Thus, the Parties were well versed in the strengths and weaknesses of their respective positions. The Parties negotiated at arm's length, communicating their positions and evaluating the strengths and weaknesses underlying their claims and defenses.

7. On or around December 22, 2025, the Parties agreed on the key terms of the Settlement. In the following months, the Parties negotiated and circulated drafts of the Settlement Agreement, along with accompanying notices, a Claim Form, and other exhibits, and agreed upon a Settlement Administrator.

8. Although negotiations were conducted professionally and collegially, they were nonetheless adversarial, with both Parties forcefully advocating for their respective positions. From the start, the Parties agreed they would not negotiate proposed Class Counsel's attorney fees or Plaintiff's Service Award until after they agreed on the settlement agreement's core terms, thus avoiding conflict between Plaintiff and the Settlement Class. Plaintiff's counsel is confident that the Settlement terms are fair, reasonable, adequate, and provide significant relief to Settlement Class Members.

9. Subject to Court approval, the Parties have agreed to use Simpluris as the Settlement Administrator.

10. Under the Settlement Agreement, Settlement Class Members will have ninety (90) days following the Notice Deadline to submit Claim Forms and sixty (60) days following the Notice Deadline to request exclusion or submit objections.

11. The Service Award is meant to compensate Plaintiff for her efforts in prosecuting the Action, including providing the information necessary to draft the complaints, maintaining contact with counsel, assisting in the investigation of the case, reviewing pleadings, remaining available for consultation throughout the settlement negotiations, answering counsel's many questions, and reviewing the Settlement Agreement.

12. Proposed Class Counsel advises that Plaintiff/Class Representative believes in the merits of her claims and approves of this Settlement.

13. Notice and Administrative Expenses will be paid from the Settlement Fund, although Defendant may advance certain notice-related expenses prior to final approval as provided in the Settlement Agreement. Notice will be provided directly to individual Settlement Class Members via the address information used to inform individuals of the Data Incident.

14. The proposed Notice will include, in a manner that is understandable to potential class members, information regarding: (i) the nature of the action; (ii) the definition of the Settlement Class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any Settlement Class Member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members.

## **COUNSEL'S RECOMMENDATION**

15. My years of experience in representing individuals in complex class actions—including data breach actions—informed Plaintiff's settlement position, and the needs of Plaintiff

and the proposed Settlement Class. While I believe in the merits of the claims brought in this case, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon my substantial experience, it is my opinion that the proposed Settlement of this matter provides significant relief to the members of the Settlement Class and warrants the Court's preliminary approval. The settlement is well within the range of other data breach settlements in the relief that it provides.

16. The Settlement Agreement's terms are designed to address the potential harms caused by the data breach, providing credit monitoring, reimbursing economic and non-economic losses, and verifying that Defendant has improved its data security.

17. This result is particularly favorable given the risks of continued litigation. Plaintiff faces serious risks in prevailing on the merits, including challenges in proving causation, obtaining class certification, prevailing at trial, and surviving appeal. Given these risks, it is possible that the Settlement Class could receive nothing if the case is litigated. A settlement today not only avoids the risks of continued litigation, but it also provides a benefit to the members of the Settlement Class now as opposed to after years of risky litigation.

18. Based on my experience and the information exchanged in this case, it is my opinion that the Settlement provides meaningful relief to the Settlement Class.

19. Additionally, the Notice program contemplated by the Agreement provides the best practicable method to reach the Settlement Class members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters.

20. Thus, Plaintiff's counsel asks the Court to grant preliminary approval of the Settlement Agreement and enter the proposed preliminary approval order attached to the Settlement Agreement and filed with this motion.

## **COUNSEL'S QUALIFICATIONS**

21. Strauss Borrelli PLLC is a law firm in Chicago, Illinois, that focuses on complex civil and commercial litigation with an emphasis on consumer protection and data breach litigation.

22. Strauss Borrelli's extensive leadership in complex data privacy litigation—including cases involving millions of affected individuals—underscores the firm's deep experience and proven ability to successfully manage and resolve high-impact class actions. Additional information regarding the firm's qualifications and representative matters is set forth in the firm resume, attached as **Exhibit 2**.

23. I earned my J.D., *magna cum laude*, from the University of Illinois Chicago School of Law in 2006. I am admitted to practice in Illinois and before the U.S. District Courts for the Northern and Central Districts of Illinois, the Southern and Northern Districts of Indiana, and the U.S. Court of Appeals for the Seventh Circuit. Prior to joining Strauss Borrelli, I served as managing partner at Edelman Combs Latturner & Goodwin, LLC, where I led litigation under a wide range of consumer protection statutes, including the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA), Truth in Lending Act (TILA), Uniform Commercial Code (UCC), and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).

24. At Strauss Borrelli PLLC, I serve as lead counsel in litigation throughout the country challenging corporate misconduct and advocating for consumers nationwide. My

colleagues at Strauss Borrelli and I are currently serving as Lead or Co-Lead Counsel in numerous class actions involving data breaches and other privacy violations across the country. Representative matters include *In re Netgain Tech. Consumer Data Breach Litigation*, No. 21-cv-1210 (D. Minn.) (Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litigation*, No. 2:22-cv-00374 (D. Utah) (Interim Co-Lead Counsel); and *Medina et al. v. PracticeMax Inc.*, No. 2:22-cv-01261-DLR (D. Ariz.) (Executive Leadership Committee). The firm also holds leadership roles in *Forslund et al. v. R.R. Donnelley & Sons Co.*, No. 1:22-cv-04260 (N.D. Ill.) (Interim Co-Lead Class Counsel) and *In re Lincare Holdings, Inc. Data Breach Litigation*, No. 8:22-cv-01472 (M.D. Fla.), where it helped secure a $7.25 million class settlement. Additional appointments include *McLaughlin v. Flagstar Bank, FSB*, No. 2:22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, No. 4:22-cv-00490 (N.D. Cal.); *Darrin et al. v. Huntington Ingalls Industries*, No. 4:23-cv-00053 (E.D. Va.); and *Hulewat et al. v. Medical Management Resource Group, LLC*, No. 2:24-cv-00377 (D. Ariz.).

25.     I have also served as class counsel in numerous certified and settled class actions, including *Pietras v. Sentry*, 513 F. Supp. 2d 983 (N.D. Ill. 2007); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D. Ill. 2008); *Moore v. Stellar Recovery, Inc.*, No. 13 C 2294, 2014 U.S. Dist. LEXIS 95690 (N.D. Ill. July 14, 2014); *Tabiti v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 5932 (N.D. Ill. Jan. 17, 2017); *Wheeler v. Midland Funding LLC*, No. 15 C 11152, 2018 U.S. Dist. LEXIS 68952 (N.D. Ill. Apr. 24, 2018); and *Hollins v. Church Church Hittle + Antrim*, No. 2:20-CV-304 JD, 2024 U.S. Dist. LEXIS 82920 (N.D. Ind. May 3, 2024). In each of these cases, I played a lead role in achieving substantial relief for class members and advancing consumer protection rights.

26.     Additionally, I am currently appointed as Lead or Co-Lead Counsel in several active data breach class actions in state courts, including *Sauray v. Arden Claims Services, LLC*, No. 609033/2024 (N.Y. Sup. Ct., Nassau Co.); *Coniglio v. CareNet Medical Group, PC*, Index No. 2024-1351 (N.Y. Sup. Ct., Schenectady Co.); *Plowman v. Ty Inc.*, Case No. 2024 CH 205 (DuPage Co., Ill.); and *Bauer v. Evergreen Treatment Center*, Case No. 23-2-10174-0 SEA (King Co., Wash.). These appointments reflect the trust courts have placed in me to lead complex litigation involving sensitive personal data, reflecting both my subject-matter expertise and my reputation for effective advocacy on behalf of affected consumers.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of March 2026, in Oak Park, Illinois.

Dated: March 16, 2026              Respectfully submitted,

                                   By: */s/ Cassandra P. Miller*
                                   Cassandra P. Miller (*pro hac vice*)
                                   STRAUSS BORRELLI PLLC
                                   One Magnificent Mile
                                   980 N Michigan Avenue, Suite 1610
                                   Chicago IL, 60611
                                   Telephone: (872) 263-1100
                                   Facsimile: (872) 263-1109
                                   cmiller@straussborrelli.com

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on March 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 16th day of March, 2026.

        STRAUSS BORRELLI PLLC

By: */s/ Cassandra P. Miller*
    Cassandra P. Miller
    One Magnificent Mile
    980 N Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    cmiller@straussborrelli.com