# — EXHIBIT  1 —

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KELLY SHEA**, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>**AMERICAN INTERNATIONAL COLLEGE**,<br><br>                              Defendant. | Case No. 1:24-cv-11449-AK |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement" or "Settlement") is entered into by and between (i) Kelly Shea ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class (defined below), and (ii) American International College ("AIC" or "Defendant") in the case titled *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK, in the United States District Court for the District of Massachusetts (the "Action"). Defendant and Plaintiff are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, Plaintiff filed an Amended Complaint against Defendant in the District of Massachusetts relating to a Data Incident affecting Defendant which Defendant discovered on or around November 2023, and asserted claims for negligence, breach of implied contract, unjust enrichment, invasion of privacy, violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. Ann. Ch. 93A, §§ 1, *et seq.* and Declaratory Judgment.

WHEREAS, on September 30, 2024, Defendant moved to dismiss Plaintiff's Amended Complaint. On September 5, 2025, the Court granted Defendant's motion in part and denied it in part. On September 30, 2025, Defendant filed an answer to Plaintiff's Amended Complaint.

WHEREAS, after months of arm's-length settlement negotiations and the exchange of informal discovery, the Parties reached an agreement of the essential terms of settlement on or about December 22, 2025;

WHEREAS, Defendant denies the allegations and all liability with respect to any and all facts and claims alleged in the Action, that the Class Representative and the class that they purport to represent have suffered any damage(s), and/or that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23; and

1

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## I.    DEFINITIONS

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.    "**Action**" means the class action lawsuit captioned *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK, pending in the United States District Court for the District of Massachusetts.

2.    "**Approved Claim**" means the timely submission of a Claim Form by a Settlement Class Member that has been approved by the Settlement Administrator.

3.    "**Attorney Fees and Costs**" means the total amount of attorneys' fees and reimbursement of litigation costs and expenses incurred in connection with the Action and awarded by the Court to Class Counsel.

4.    "**CAFA Notice**" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sec. 1711, et seq., to be served upon the appropriate federal official(s).

5.    "**Cash Payment A**" means the Pro Rata Cash Payment described in Paragraph 56.

6.    "**Cash Payment B**" means reimbursement for Out-of-Pocket Losses described in Paragraph 57.

7.    "**Claim Form**" means the form that will be available for Settlement Class Members to submit a Settlement Claim (defined below) to the Settlement Administrator (defined below) and that is substantially in the form of **Exhibit C**. Settlement Class Members must submit a Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

8.    "**Claimant**" means a Settlement Class Member who submits a Claim Form.

9.    "**Claims Deadline**" means the last day for a Settlement Class Member to submit a timely Claim Form, which will occur ninety (90) days after the Notice Deadline.

10.    "**Class Counsel**" means Cassandra P. Miller of Strauss Borrelli PLLC.

11.    "**Class Representative**" means Kelly Shea, the Plaintiff in the Action.

12.    "**Court**" means the United States District Court for the District of Massachusetts.

13.    "**Credit Monitoring Services**" means two years of credit monitoring provided by

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

CyEx. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

14. "**Data Incident**" means the data security incident affecting Defendant which Defendant discovered in or around November 2023.

15. "**Defendant's Counsel**" means Ben Dunlap of Freeman Mathis & Gary, LLP.

16. "**Effective Date**" means the first business day after all of the following conditions have occurred: (i) the Court has entered the Preliminary Approval Order; (ii) the Court has entered a Final Approval Order and Judgment finally approving this Settlement Agreement; (iii) either (a) the date upon which the time for filing or noticing any reconsideration or appeal of the Final Approval Order and Judgment has expired; or (b) if there is an appeal or appeals or reconsideration sought, the date on which the Final Approval Order and Judgment is affirmed without any material modification and is no longer subject to judicial review; and (iv) the final dismissal of any appeal or reconsideration or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order and Judgment, and the Final Approval Order and Judgment is no longer subject to judicial review. Notwithstanding the above, any order modifying or reversing any Attorney Fees and Costs, or Service Award to a Class Representative shall not affect the "Effective Date" or any other aspect of the Final Approval Order and Judgment.

17. "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

18. "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Agreement, and substantially in the form annexed hereto as **Exhibit E**. Notwithstanding the foregoing, any order modifying or reversing any Attorney Fees and Costs or Service Award made in this case shall not affect whether the Final Approval Order and Judgment is "Final" as defined herein or any other aspect of the Final Approval Order and Judgment.

19. "**Final Approval Hearing**" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

20. "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, and (iv) Attorney Fees and Costs approved by the Court.

21. "**Non-Profit Residual Recipient**" means Future of Privacy Forum, or a non-profit organization(s) otherwise approved by the Court.

22. "**Notice**" means notice of the proposed class action Settlement to be provided to Settlement Class Members, substantially in the form attached hereto as **Exhibit A** ("Short Form

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

Notice") and **Exhibit B** ("Long Form Notice").

23.     "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

24.     "**Notice Deadline**" means the last day by which Notice must begin to issue to the Settlement Class Members, and which will occur thirty (30) days after entry of the Preliminary Approval Order.

25.     "**Objection Deadline**" is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be sixty (60) days after the Notice Deadline.

26.     "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

27.     "**Out-of-Pocket Losses**" means unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident, including, without limitation: (i) unreimbursed costs, expenses, losses, or charges resulting from identity theft, identity fraud, falsified tax returns, or other misuse of the Settlement Class Member's Personal Information; (ii) costs incurred on or after November 14, 2023, for purchasing or extending credit monitoring or identity theft protection services and/or for accessing, freezing, or unfreezing credit reports with any credit reporting agency; and (iii) reasonable miscellaneous expenses incurred in connection with an Out-of-Pocket Loss, including notary fees, faxing, postage, copying, mileage, and long-distance telephone charges.

28.     "**Personal Information**" means information that identifies an individual or that in combination with other information can be used to identify, locate, or contact an individual. The term "Personal Information" is not intended here, nor should it be viewed as, having any bearing on the meaning of this term or similar term in any statute or other source of law beyond this Agreement, or how the Parties may use the term in other circumstances.

29.     "**Preliminary Approval Order**" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as **Exhibit D**.

30.     "**Released Claims**" means any and all past, present, and/or future claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys'

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

fees, losses, defenses, and remedies of every kind or description in law or in equity, including but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 et seq., and all similar statutes in effect in any states in the United States; all Massachusetts consumer protection statutes; violations of any federal or state data breach notification statute; negligence; negligence per se; breach of implied contract; breach of fiduciary duty; invasion of privacy; unjust enrichment; and failure to provide adequate notice pursuant to any breach notification statute or common law duty, as well as monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, or interest—whether known or unknown (including Unknown Claims as set forth in Paragraph 86), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and the amendments thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, Defendant's provision of notice to Settlement Class Members following the Data Incident, Defendant's information security policies and practices as they relate to or arise from the Data Incident, or Defendant's maintenance or storage of Personal Information as they relate to or arise from the Data Incident, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

31. "**Released Parties**" means Defendant and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, and each and every of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party." It is expressly understood that to the extent a Released Party is not a party to this Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

32. "**Releasing Parties**" means (i) Plaintiff and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, and attorneys, (iii) any entities in which a Plaintiff and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest,

5

assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

33.     "**Request for Exclusion**" or "**Opt-Out**" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

34.     "**Residual Settlement Fund**" means any funds that remain in the Settlement Fund after Settlement Payments have been distributed and the time for cashing and/or redeeming Settlement Payments has expired. The Residual Funds will be sent to one or more Non-Profit Residual Recipient(s).

35.     "**Service Award**" means compensation awarded by the Court and paid to any Class Representative in recognition of his or her role in this litigation.

36.     "**Settlement**" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

37.     "**Settlement Administrator**" means Simpluris, a notice and settlement administrator with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Settling Parties and approved by the Court.

38.     "**Settlement Class**" means the persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including all those individuals who received notice of the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

39.     "**Settlement Class List**" means the list generated by Defendant containing the full names and current or last known home addresses for Settlement Class Members, which Defendant shall provide to the Settlement Administrator within 10 days of the Preliminary Approval Order.

40.     "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

41.     "**Settlement Fund**" means the non-reversionary sum of Three Hundred and Fifteen Thousand Dollars and Zero Cents ($315,000.00) to be paid by or on behalf of Defendant as specified in Paragraphs 46-54, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Defendant, its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, with respect to this Agreement and the settlement of this matter. As such, the Settlement Fund represents the total extent of Defendant's

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

42.    "**Settlement Payment**" means any payment to be issued to a Settlement Class Member by check or electronic payment pursuant to this Settlement Agreement.

43.    "**Settlement Website**" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiff's motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiff's motion for an award of attorneys' fees and costs, and service award, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. Settlement Class Members shall be able to submit Claim Forms electronically via the Settlement Website. In addition, the Settlement Website will include a mechanism by which Settlement Class Members can elect to receive their *Pro Rata* Cash Payment electronically. The Settlement Website shall not include any advertising and shall remain operational until the later of (a) 180 days after Effective Date or (b) 30 days after final distribution of Settlement Payments.

44.    "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

45.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of this Settlement Agreement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claims Deadline, or, if submitted online, submitted by 11:59 p.m. Central time on the Claims Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## II.    SETTLEMENT FUND

46.    **Establishment of Settlement Fund**. Within 30 days after the Effective Date, Defendant shall deposit Three Hundred and Fifteen Thousand Dollars and Zero Cents

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

($315,000.00) in cash into the Escrow Account to establish the Settlement Fund, less any Notice and Administrative Expenses paid by Defendant to the Settlement Administrator prior to the Effective Date. Once the Settlement Fund is fully funded, Defendant shall not be required to pay any more money under this Settlement.

47.    Any Notice and Administrative Expenses that are required to be paid prior to the Effective Date will be paid for or caused to be paid directly by Defendant.  Such Notice and Administrative Expenses required to be paid prior to the Effective Date shall solely be for the cost of Notice and any other reasonably incurred expenses by the Settlement Administrator to carry out Settlement administration through that date and prior to the Final Approval Order. The total amount paid for Notice and Administrative Expenses prior to the Effective Date shall be treated as if paid from the Settlement Fund and shall reduce the amount that Defendant will be required to pay or cause to be paid into the Settlement Fund after the Effective Date. Any Notice and Administrative Expenses that are owed after the funding of the Settlement Fund shall be paid directly from the Settlement Fund. Should a Final Approval Order not be entered or the Settlement otherwise terminated, any Notice and Administrative Expenses paid by Defendant but not used or incurred by the Settlement Administrator shall be returned to Defendant.

48.    **Use of Settlement Fund**. The Settlement Fund shall be used to pay: (i) all Notice and Administrative Expenses (including applicable taxes, if any); (ii) Court-approved Attorney Fees and Costs and Service Awards; (iii) the costs of the Credit Monitoring services; and (iv) Valid Claims for Cash Payment B (up to $5,000.00 per person). The remaining amount is the Net Settlement Fund. The amount of Cash Payment A shall be the Net Settlement Fund divided by the number of Valid Claims submitted for that option. Any claims for Cash Payment B that were rejected for that category will also be eligible for Cash Payment A under this formula, as opposed to being rejected outright.

49.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg.§ 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendant, Defendant's Counsel, Plaintiff, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiff, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiff, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

50.    Defendant's liability shall not exceed Three Hundred and Fifteen Thousand Dollars and Zero Cents ($315,000.00).

51.    To the extent this Settlement is not finally approved, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with administration of the Settlement. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

the entry of the Preliminary Approval Order. Following Defendant's payment of all Settlement Fund monies as described in this Paragraph after Final Approval, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

52. **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 83.

53. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 83.

54. **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## III.  SETTLEMENT BENEFITS

55. When submitting a Claim for a Cash Payment, Settlement Class Members may submit a claim for Cash Payment A, Cash Payment B, or both, subject to the applicable caps and pro rata adjustments set forth in this Agreement. In addition, Settlement Class Members may elect to receive Credit Monitoring Services either separately or in combination with Cash Payment A and/or Cash Payment B. If a Settlement Class Member does not submit a Valid Claim and does not submit a Request for Exclusion, that Settlement Class Member will release his or her claims against Defendant without receiving a Settlement Benefit.

56. **Cash Payment A - *Pro Rata* Cash Payment**. Settlement Class Members may submit a claim for a *Pro Rata* Cash Payment from the Net Settlement Fund, estimated at $50.00, with the final payment amounts adjusted up or down depending on the number of claims submitted, by submitting a Claim Form to the Settlement Administrator no later than the Claims Deadline. The *Pro Rata* Cash Payment will be calculated in accordance with Paragraph 68 below and may

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

be increased or decreased based on the number of valid claims submitted for this settlement benefit.

    a.    **Assessing Claims for *Pro Rata* Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for a *Pro Rata* Cash Payment. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met to award payments for *Pro Rata* Cash Payments.

    57.    **Cash Payment B - Reimbursement For Out-Of-Pocket Losses**. As an alternative to the *Pro Rata* Cash Payment, Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for up to Five Thousand Dollars and Zero Cents ($5,000.00) for reimbursement of Out-of-Pocket Losses.

    a.    Settlement Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Settlement Class Member has been reimbursed for the loss by another source. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Settlement Class Members shall not be reimbursed for Out-of-Pocket Losses if they have already been reimbursed for the same Out-of-Pocket Losses by another source. A claim for reimbursement for Out-of-Pocket Losses may be combined with a claim for a *Pro Rata* Cash Payment and Credit Monitoring Services but in no circumstance will a Settlement Class Member be eligible to receive more than the Five Thousand Dollars and Zero Cents ($5,000.00) cap.

    b.    **Assessing Claims for Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects valid Out-of-Pocket Losses actually incurred that are fairly traceable to the Data Incident, but may consult with Class Counsel and Defendant's Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after November 14, 2023; and/or (ii) whether the Personal Information used to commit identity theft or fraud is of the same type as the Personal Information potentially impacted by the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. Settlement Class Members that file a Claim for Out-of-Pocket Losses only and not for a *Pro Rata* Cash Payment and have their Out-of-Pocket Losses Claim rejected may be treated by the

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

Settlement Administrator as if he or she elected a *Pro Rata* Cash Payment.

58.     **Credit Monitoring**. All Settlement Class Members are eligible to enroll in 2 years of Credit Monitoring Services provided by CyEx. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within fourteen (14) days of the Effective Date that can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180-day period. The provider shall provide Credit Monitoring Services to all valid claimants who timely activate those services for a period of 2 years from the date of activation. Credit Monitoring expenses, the administration of which will be undertaken by the Settlement Administrator and overseen by Class Counsel, will be paid for from the Settlement Fund.

59.     **Disputes**. To the extent the Settlement Administrator determines a claim for Out-of-Pocket Losses is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

60.     **Additional Security Measures**. Defendant has confirmed that it has made certain changes to its information security, valued at approximately $65,000.00, and will attest to these changes in a confidential declaration provided to Class Counsel in support of the Settlement. Within thirty (30) days after the entry of the Preliminary Approval Order, Defendant shall provide Class Counsel with a confidential declaration or affidavit, suitable for filing under seal with the Court as necessary, attesting that agreed upon security-related measures have been implemented on or before, and up to, the date of the Preliminary Approval Order and identifying the approximate cost of those security-related measures. Costs associated with these security-related measures should be paid by Defendant separate and apart from other settlement benefits and separate and apart from the Settlement Fund.   The information provided by Defendant pursuant to this paragraph shall be treated as confidential and cannot be used for any purpose other than approval and enforcement of this Settlement Agreement.

## IV.    CAFA NOTICE

61.     The Claims Administrator will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after this Court grants Preliminary Approval of this Settlement.

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

## V.    PAYMENTS TO SETTLEMENT CLASS MEMBERS

62.    **Payments to Settlement Class Members**. Payments for Approved Claims for reimbursement for Out-of-Pocket Losses and *Pro Rata* Cash Payments shall be issued in the form of an electronic payment or check mailed as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. The Settlement Administrator shall utilize electronic payment methods wherever possible.

63.    **Timing of Payments to Settlement Class Members**. To the extent payments are made by check, settlement checks shall bear the legend that they expire if not negotiated within ninety (90) days of their date of issue.

64.    **Returned Checks**. For any electronic payment or settlement check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the electronic payment or check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

65.    **Uncashed Checks**. To the extent that an electronic payment or settlement check is not cashed, accepted and/or negotiated within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued electronic payment or check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing an electronic payment or check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued electronic payment or check. Any reissued electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

66.    **Deceased Class Members**. If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the electronic payment(s) or settlement check(s) to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Class Counsel and Defendant's Counsel.

67.    **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via the Settlement Website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked on or before the Claims Deadline.

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

68. ***Pro-Rata* Contingencies.**

a.    In the event that the funds remaining in the Net Settlement Fund are not sufficient to make payment for those Approved Claims for Out-of-Pocket Losses, then the value of the payments for Approved Claims for Out-of-Pocket Losses shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Approved Claims for Out-of-Pocket Losses does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed for Approved Claims for *Pro Rata* Cash Payments.

b.    If the Net Settlement Fund is insufficient to fund the full cost of two years of Credit Monitoring Services for all Valid Claimants who elect that benefit, the duration shall be reduced proportionally, but not below one (1) year.

c.    In the event that funds remaining in the Net Settlement Fund after the payment for Approved Claims for Out-of-Pocket Losses and Credit Monitoring Services are not sufficient to make payment for the full amount of the Approved Claims for *Pro Rata* Cash Payments ($50.00 per Approved Claim), then the value of the Approved Claims for *Pro Rata* Cash Payments shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund. The *Pro Rata* Cash Payment amount may also be increased based on the amount of the Net Settlement Fund and the number of Valid Claims submitted. To ensure that the maximum amount of the Net Settlement Fund is distributed, following payment of Approved Claims for Out-of-Pocket Losses and Credit Monitoring Services, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Approved Claims for Pro Rata Cash Payments and allocated on a pro rata basis.

d.    All *pro rata* determinations required by this paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel and Defendant's Counsel.

69.    **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. To the extent any monies remain in the Residual Settlement Fund more than 150 days after the distribution of Settlement payments to the Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be distributed to the Non-Profit Residual Recipient, subject to applicable state unclaimed property law.

## VI.  NOTICE TO THE SETTLEMENT CLASS

70.    **Timing of Notice**. Within ten (10) days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the date of the Preliminary Approval Order, the Settlement Administrator shall disseminate the Short Form Notice to the members of the Settlement Class. The Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.  For any Notices returned as undeliverable, the Settlement Administrator will use reasonable efforts (e.g., skip tracing) to identify an updated mailing address and re-mail the Short Form Notice if one is identified.

71.    **Form of Notice**. Notice shall be disseminated via U.S. mail to Settlement Class

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

Members as postcard notice with an attached, tear-off Claim Form. Reminder notice shall be sent if necessary and agreed upon by both Class Counsel and Defendant's Counsel.

## VII.    REQUESTS FOR EXCLUSION AND OBJECTIONS

72.    **Requests for Exclusion**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. A Request for Exclusion that does not substantially comply with the required elements may be deemed invalid. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

73.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

74.    Within seven (7) days after the deadline to opt-out as set forth in this paragraph and as approved by the Court, the Settlement Administrator shall furnish to counsel for the parties a complete list of all timely and valid request for exclusions.

## VIII.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

75.    **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

   a.    Creating, administering, and overseeing the Settlement Fund;

   b.    Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

c.      Performing National Change of Address searches and/or skip tracing on the Settlement Class List;

d.      Providing Notice to Settlement Class Members via U.S. mail;

e.      Establishing and maintaining the Settlement Website;

f.      Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day;

g.      Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

h.      Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

i.      Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel and Defendant's Counsel a copy thereof no later than seven (7) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

j.      After the Effective Date, processing and transmitting settlement payments to Settlement Class Members;

k.      Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the number of settlement electronic payments and/or checks mailed and delivered, electronic payments and/or settlement checks cashed, undeliverable information, and any other requested information relating to settlement payments. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

l.      In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

m.      Performing any function related to settlement administration as provided for in this Agreement or at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that settlement payments have been distributed.

76.      **Limitation of Liability**. The Parties, Class Counsel, Defendant's Counsel, and

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

Defendant's insurers, reinsurers, agents and/or third-party administrators, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

77.    **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, Defendant's Counsel, and Defendant's insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## IX.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

78.    **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all other purposes. Neither this Settlement Agreement nor any proceeding relating to class certification for purposes of effectuating this Settlement Agreement, shall constitute or be construed as an admission, concession, or consent by Defendant as to the propriety of class certification, nor may it be used as a basis to establish class certification in this or any other action or proceeding. The Parties further stipulate to designating the Class Representatives as the representatives for the Settlement Class.

79.    **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of this Settlement with the Court. Class Counsel shall provide Defendant's counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing same to ensure that there are no requested revisions from Defendant.

80.    **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing, within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline. In connection with the motion for preliminary approval, counsel for the parties shall request that the Court set a date for the Final Approval Hearing that is no earlier than 120 days after entry of the Preliminary Approval Order. Class Counsel shall provide Defendant's counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that there are no requested revisions from Defendant.

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

81. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## X.    MODIFICATION AND TERMINATION

82. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

83. **Termination**. Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): (1) within seven (7) days of the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (2) within fourteen (14) days of either of the following: (a) the Court's refusal to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.  No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the Attorney Fees and Costs and/or Service Awards shall constitute grounds for termination of the Settlement. Defendant shall also have the right to unilaterally terminate this Agreement in the event that more than 100 class members submit an Opt-Out requests under Paragraph 72 by providing Termination Notice.

84. **Effect of Termination**. In the event of a termination as provided in Paragraph 83, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.  Finally, in such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## XI.    RELEASES

85. **The Release**. Upon the Effective Date, and in consideration of the Settlement

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims. Plaintiff, Settlement Class Members, and any Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

86.    **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiff, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. With respect to the Released Claims, Plaintiff, Settlement Class Members, and any Releasing Parties, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiff, Settlement Class Members, and any Releasing Parties explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiff and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Upon the Effective Date, Plaintiff, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Settlement Class Representatives, the Settlement Class, and any Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. Each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law;

18

and even if he or she never receives actual notice of the Settlement and/or never receives a payment from the Settlement.

87.    **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Class Representatives, other Settlement Class Members, and Class Counsel and any other attorneys for Plaintiff in the Action shall be enjoined from prosecuting any claim released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## XII.    SERVICE AWARD

88.    **Service Award**. At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking a service award payment not to exceed Five Thousand Dollars and Zero Cents ($5,000.00) for the Class Representative in recognition of her contributions to this Action, subject to Court approval. The Settlement Administrator shall make the Service Award Payments to the Class Representative from the Settlement Fund. Such Service Award Payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

89.    **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XIII.    ATTORNEY FEES AND COSTS

90.    **Attorney Fees and Costs**. At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion for an award of attorneys' fees not to exceed one-third of the Settlement Fund, or One Hundred and Five Thousand Dollars and Zero Cents ($105,000.00), plus reasonable litigation costs and expenses, to be paid from the Settlement Fund, and subject to Court approval. The Attorney Fee and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

91.    **Allocation**. To the extent applicable, and unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Attorney Fees and Costs amongst Plaintiff's counsel and any other attorneys for Plaintiff. Defendant and its insurers and reinsurers shall have no liability or other responsibility for allocation of any such Attorney Fees and Costs.

92.    **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Attorney Fees and Costs in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Attorney Fees and Costs shall constitute grounds for termination of this Agreement.

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

## XIV.   NO ADMISSION OF LIABILITY

93.      **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

94.      **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document produced or executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XV.   MISCELLANEOUS

95.      **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

96.      **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

97.      **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

98.      **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

99.      **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

100.      **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

101.      **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

Agreement.

102.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

103.    **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

104.    **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Massachusetts, without regard to the principles thereof regarding choice of law.

105.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

106.    **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel: (872) 263-1100
Email: cmiller@straussborrelli.com

All notices to Defendant provided for herein, shall be sent by overnight mail and email to:

Ben Dunlap
**FREEMAN MATHIS & GARY, LLP**
One Boston Place
201 Washington Street, Suite 2200
Boston , MA 02108
Tel: 617-963-5973
Email: ben.dunlap@fmglaw.com

107.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

## <u>SIGNATURES</u>

**KELLY SHEA**

By: _Kelly Shea_____    Date: 03 / 15 / 2026

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiff and the Class (as to form only)*

By: _____    Date: 03/15/2026
Cassandra P. Miller

**AMERICAN INTERNATIONAL COLLEGE**

By: _____    Date: _____

Name: _____

Title: _____

**FREEMAN MATHIS & GARY, LLP**
*Counsel for Defendant (as to form only)*

By: _____    Date: _____
Ben Dunlap

Doc ID: 26660a8b72f118f1e4162032768a941596c08bf5

## SIGNATURES

**KELLY SHEA**

By: _____          Date: _____

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiff and the Class (as to form only)*

By: _____          Date: _____
Cassandra P. Miller

**AMERICAN INTERNATIONAL COLLEGE**

By: _____          Date: _____

Name: _____

Title: _____

> Nicolle Cestero
> Digitally signed by Nicolle Cestero
> DN: cn=Nicolle Cestero,
> o=American International College,
> ou=President,
> email=nicolle.cestero@aic.edu,
> c=US
> Date: 2026.03.12 14:29:08 -04'00'

**FREEMAN MATHIS & GARY, LLP**
*Counsel for Defendant (as to form only)*

By: _____          Date: March 16, 2026
Ben Dunlap

— **EXHIBIT  A** —

AIC Data Incident Settlement
c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

*Kelly Shea v.*
*American International College*
Case No. 1:24-cv-11449-AK

> **IF YOUR PRIVATE INFORMATION WAS
> COMPROMISED IN THE NOVEMBER 2023
> <u>AMERICAN INTERNATIONAL COLLEGE</u>
> DATA INCIDENT, A PROPOSED CLASS
> ACTION SETTLEMENT MAY AFFECT YOUR
> RIGHTS AND ENTITLE YOU TO BENEFITS
> AND A <u>CASH PAYMENT</u>.**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

THIS NOTICE IS ONLY A SUMMARY.
VISIT WWW.[SETTLEMENTWEBSITE].COM
OR SCAN THIS QR CODE
FOR COMPLETE INFORMATION.



First-Class
Mail
US Postage
Paid
Permit #___

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

### Why am I receiving this notice?

A Settlement has been reached with American International College ("AIC") in a class action lawsuit ("Settlement"). The case is about the November 2023 cyberattack on AIC's computers (the "Data Incident"). Files containing private information were accessed. AIC denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

### Who is included in the Settlement?

The Court has defined the class as: "The Court has defined the Settlement Class as: All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including, but not limited to, individuals who received notice of the Data Incident.."

The Court has appointed an experienced attorney, called "Class Counsel," to represent the Class.

### What are the Settlement benefits?

You can claim two years of **Credit Monitoring Services** and one or more of the **Cash Payment** options.

**Cash Payment A:** A pro rata cash payment estimated to be approximately $50, depending on the number of valid claims submitted.

**Cash Payment B:** If you have documented losses you can get **$5,000**.

Full details and instructions are available online.

### How do I receive a benefit?

If you are claiming reimbursement for Out-of-Pocket Losses (up to $5,000), you must submit documentation. Claims may be submitted online or by mail using the full Claim Form available on the Settlement Website. Tear at perforation, and return by U.S. Mail. Postage is already paid. For a full paper Claim Form call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

### What if I don't want to participate in the Settlement?

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue AIC for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline]**. The Settlement Agreement, available online, explains how to exclude yourself or object.

### When will the Court approve the Settlement?

The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorney's fees and costs of up to $105,000; costs of litigation; and $5,000 for the Plaintiff. You may attend the hearing at your own cost, but you do not have to.

www.[SettlementWebsite].com

**NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES**

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 47    COSTA MESA  CA

POSTAGE WILL BE PAID BY ADDRESSEE

**AIC Data Incident Settlement
c/o Settlement Administrator
P.O. Box [PO Box Number]
Santa Ana, CA  92799-9958**

**AIC Data Incident Settlement**

《First1》 《Last1》
《Addr1》 《Addr2》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return by U.S.
Mail no later than **[Claims Deadline]**.*

*Only one Claim Form per Class Member.*

Login ID: 《LoginID》
PIN: 《PIN》

**INSTRUCTIONS:** Use this card to submit your claim for two years of **Credit Monitoring Services** and/or the $50.00 **Cash Payment A - *Pro Rata* Cash Payment**.

To claim cash payments for out-of-pocket expenses, visit the settlement website at **www.[SettlementWebsite].com**.
To request a full paper Claim Form, call **1-XXX-XXX-XXXX**.

☐ Check this box to enroll in two years of **Credit Monitoring Services** from CyEx.

☐ Check this box to claim a one-time $50.00 **Cash Payment A - *Pro Rata* Cash Payment**.

How would you like to be paid:

Check **one**: ☐ PayPal    ☐ Venmo    ☐ Zelle    ☐ Virtual Prepaid Card    ☐ Check (sent to above address)

For digital payments, please **PRINT** your email address **LEGIBLY** in the boxes below and doublecheck that it is correct:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Notify us if your contact information is different from what is shown above, or changes after submitting this form.

— **EXHIBIT  B** —

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

> **IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE NOVEMBER 2023 <u>AMERICAN INTERNATIONAL COLLEGE</u> DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with American International College ("AIC" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on AIC's computer systems that occurred in November 2023 (the "Data Incident"). Certain files that contained private information were accessed. These files may have contained personal information such as Social Security numbers; dates of birth; and financial information.

- The lawsuit is called *Kelly Shea v. American International College*, Case No.1:24-cv-11449-AK. It is pending in the District Court for the District of Massachusetts (the "Litigation").

- AIC denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- AIC's records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from AIC.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................3
WHO IS IN THE SETTLEMENT.............................................................4
THE SETTLEMENT BENEFITS ..............................................................4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ................5
THE LAWYERS REPRESENTING YOU...................................................6
EXCLUDING YOURSELF FROM THE SETTLEMENT...............................6
COMMENTING ON OR OBJECTING TO THE SETTLEMENT....................7
THE COURT'S FINAL APPROVAL HEARING............................................8
IF I DO NOTHING ................................................................................8
GETTING MORE INFORMATION............................................................9

# Basic Information

## 1. Why was this Notice issued?

The District Court for the District of Massachusetts, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK. It is pending in the District Court for the District of Massachusetts. The person that filed this lawsuit is called the "Plaintiff" (or "Class Representative") and the company they sued, American International College, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that during the November 2023 targeted cyberattack on AIC's computer systems, certain files that contained private information were accessed. These files may have contained personal information such as Social Security numbers; dates of birth; and financial information.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out of the settlement. In this Settlement, the Class Representative is Kelly Shea. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiff or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiff and their attorney think the Settlement is best for all Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Court has defined the Settlement Class as: "All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including, but not limited to, individuals who received notice of the Data Incident.."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) the Judge in this case, and the Judge's family and staff; (2) AIC and its officers, directors, and related companies; and (3) anyone who validly excludes themselves from the Settlement.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  AIC Data Incident Settlement
    c/o Settlement Administrator
    [PO Box Number]
    Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

AIC will establish a Settlement Fund of $315,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING SERVICES.** All Class Members are eligible to enroll in two years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Cash Payment A - *Pro Rata* Cash Payment.** All Class Members may claim a one-time *pro rata* cash payment.

4

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

After payment of approved fees, expenses, service awards, administrative costs, and other valid claims, the remaining Settlement Fund will be distributed pro rata to Settlement Class Members who submit valid claims for Cash Payment A. All of this remaining money will be divided equally between everyone who claims Cash Payment A - *Pro Rata* Cash Payment.

This payment is expected to be **$50.00**, but may be larger or smaller depending on the total claims filed.

**Cash Payment B - Reimbursement For Out-Of-Pocket Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between November 14, 2023, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  AIC Data Incident Settlement
        c/o Settlement Administrator
        [PO Box Number]
        Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against AIC about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section XI) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

AIC Data Incident Settlement
c/o Settlement Administrator

5

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a Final Approval Hearing on [FA Hearing Date] (*see* Question 18). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorney Cassandra P. Miller of Strauss Borrelli PLLC, to represent you and other Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $105,000.00 as reasonable attorneys' fees, plus reimbursement of litigation costs. This amount will be paid from the Settlement Fund.

Class Counsel will also ask for a Service Award Payment of $5,000.00 for the Class Representative. The Service Award Payment will also be paid from the Settlement Fund.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue AIC on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

6

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK, pending in the District Court for the District of Massachusetts;

(2) your full name, mailing address, telephone number, and email address;

(3) personal signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

AIC Data Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

## Commenting on or Objecting to the Settlement

### 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK, pending in the District Court for the District of Massachusetts;

(2) your full name, mailing address, telephone number, and email address;

(3) a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(4) whether the objection applies only to you, or to other Class Members, as well;

(5) if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

(6) whether or not you or your lawyer would like to speak at the Final Approval Hearing;

(7) if you or your lawyer have objected in any other cases, list the names, courts, and civil action numbers for each of those cases; and

(8)    your signature (or, if you have hired your own lawyer, your lawyer's signature).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [OBJECTION DATE]. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | AIC Data Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a Final Approval Hearing on [FA Hearing Date] at [Hearing Time] Eastern Time, in Room [Court Room] of the District Court for the District of Massachusetts, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award a Service Award Payment to the Class Representative. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* Question 16).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

## Getting More Information

### 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  AIC Data Incident Settlement
      c/o Settlement Administrator
      [PO Box Number]
      Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

9

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

— **EXHIBIT  C** —

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

[**Claims Deadline**]

</td><td>

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**

[**Claims Deadline**]

</td></tr>
</table>

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The Court has defined the Settlement Class as: "All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including, but not limited to, individuals who received notice of the Data Incident."

**Excluded from the Settlement Class** are: (1) the Judge in this case, and the Judge's family and staff; (2) AIC and its officers, directors, and related companies; and (3) anyone who validly excludes themselves from the Settlement.

**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**

## AVAILABLE BENEFITS

AIC will establish a Settlement Fund of $315,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING SERVICES.** All Class Members are eligible to enroll in two years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Cash Payment A - *Pro Rata* Cash Payment.** All Class Members may claim a one-time *pro rata* cash payment.

It is expected that a significant amount of money will remain in the Settlement Fund after all expenses and all other benefits have been paid. All of this remaining money will be divided equally between everyone who claims Cash Payment A - *Pro Rata* Cash Payment.

This payment is expected to be **$50.00**, but may be larger or smaller depending on the total claims filed.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Cash Payment B - Reimbursement For Out-Of-Pocket Losses.** If you incurred actual, documented out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between November 14, 2023, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone are not enough to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  AIC Data Incident Settlement
         c/o Settlement Administrator
         [PO Box Number]
         Santa Ana, CA 92799-9958

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT
www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail.
An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

**You must submit your Claim Form online, by mail, or by email no later than [Claims Deadline].**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**

</td><td>

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**

</td></tr>
</table>

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID (if known)

## II. CREDIT MONITORING SERVICES

☐  Check this box if you would like to enroll in two years of Credit Monitoring Services from CyEx Financial Shield Complete.

## III. CASH PAYMENT A - *PRO RATA* CASH PAYMENT

☐  Check this box if you want to claim a one-time $50.00 *pro rata* cash payment.

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

Your claim must
be submitted
online or
postmarked by:
[Claims Deadline]

---

## IV. CASH PAYMENT B - REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> losses due to identity theft or fraud. You can get back up to $5,000.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

---

## V. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1:_____

☐ **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

Your claim must
be submitted
online or
postmarked by:
[Claims Deadline]

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

Your claim must
be submitted
online or
postmarked by:
[Claims Deadline]

| VI.  ATTESTATION & SIGNATURE |
|---|

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____        _____        _____
Signature                                       Printed Name                                    Date

# — EXHIBIT  D —

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **KELLY SHEA**, on behalf of herself and all others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>**AMERICAN INTERNATIONAL COLLEGE**,<br><br>                 Defendant. | Case No. 1:24-cv-11449-AK<br><br>Honorable Angel Kelley |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff Kelly Shea's ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. __)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiff and American International College ("AIC" or "Defendant") (together with Plaintiff, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiff's Memorandum of Law in Support of her Motion (the "Settlement Agreement").[1]

Having reviewed the Motion and the Settlement Agreement, the Court hereby GRANTS the Motion and ORDERS as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including all those individuals who received notice of the Data Incident.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Specifically excluded from the Settlement Class are:

> (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.      **The Class Representative and Class Counsel**. The Court finds that Plaintiff will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Cassandra P. Miller of the law firm Strauss

Borrelli PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement treats Settlement Class Members equitably relative to one another, and all other factors required by Rule 23 and relevant case law support preliminary approval.

4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 202___, at [ADDRESS], where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the

application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representative for a Service Award should be approved.

6.     **Claims Administrator**. The Court appoints Simpluris as the Settlement Administrator, with responsibility for class Notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.     **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.     **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) meet the requirements of the Due Process Clause(s) of the United States and Massachusetts Constitutions. The Court further finds

that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.      **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit their Request for Exclusion to the Settlement Administrator in the manner provided in the Notice. The Request for Exclusion must include the name of this Action, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. To be effective, such Request for Exclusion must be postmarked no later than the Opt-Out Deadline, which shall be sixty (60) days after the Notice Date, as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit

valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written Request for Exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of their objection by the Objection Deadline and as stated in the Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline," which is no later than sixty (60) days from the date on which the Notice program commences pursuant to the Settlement Agreement. Any notice of objection must be written and must include the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The provisions stated in Section 8 of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement.

Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.    **Claims Process**. Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) the Settlement is otherwise inconsistent with the terms of the Settlement Agreement. In such event, (i) the Parties

shall be restored to their respective positions in the Action and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.     **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.     **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by

Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.    **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| | |
|---|---|
| Settlement Administrator provides W-9 to Defendant | 5 days after entry of Preliminary Approval Order |
| Defendant provides list of Settlement Class Members to the Settlement Administrator | 10 days after entry of Preliminary Approval Order |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Notice Deadline | No later than 30 days after entry of Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Class Representative's Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties | 7 days after Opt-Out and Objection Deadlines |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |

**SO ORDERED.**

Dated: _____        _____

                                                                        Honorable Angel Kelley

— **EXHIBIT E** —

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**KELLY SHEA**, on behalf of herself and all others similarly situated,

Plaintiff,

v.

**AMERICAN INTERNATIONAL COLLEGE**,

Defendant.

Case No. 1:24-cv-11449-AK

Honorable Angel Kelley

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court is Plaintiff Kelly Shea's ("Plaintiff") Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiff ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____ [DATE], the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. __) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff as the Class Representative and appointed Cassandra P. Miller of the law firm Strauss Borrelli PLLC as Class Counsel; (c)

preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing;

**WHEREAS**, on _____ [DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on _____ [DATE], the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

the settlement should be approved as being fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e);

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiff's First Amended Class Action Complaint against Defendant for failure to implement or maintain adequate data security measures and safeguards to protect Personal Information, which Plaintiff alleges directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3.      The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.      Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the

Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and

Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including all those individuals who received notice of the Data Incident.

Specifically excluded from the Settlement Class are:

> (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.      The Settlement was entered into in good faith following arm's length negotiations

and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore

approved. The Court finds that the Parties faced significant risks, expenses, delays, and

uncertainties, including uncertainty as to the outcome of the litigation and any appeal, of continued

litigation of this complex matter, which further supports the Court's finding that the Settlement

Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

The Court finds that the uncertainties of continued litigation in both the trial and appellate courts,

as well as the expense associated with it, weigh in favor of approval of the settlement reflected in

the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed

description of the settlement terms in the Settlement Agreement, for:

> a. The claims process as outlined in the Settlement Agreement whereby Settlement Class
>
> Members can submit claims that will be evaluated by the Settlement Administrator
>
> pursuant to the procedures set forth in the Settlement Agreement;

b.  Defendant to pay all costs of Notice and Administrative Expenses including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks; and

c.  Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to the Class Representative.

8.    The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

9.    The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

10.    The Court finds that the Notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to

object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

11.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12.     As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Final Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

13.     _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

14.     All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

16.     The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

17.     Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

18.     Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

19.     Pursuant to and as further described in the Settlement Agreement, Plaintiff and the Settlement Class Members release claims as follows:

> any and all past, present, and/or future claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, defenses, and remedies of every kind or description in law or in equity, including but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States; all Massachusetts consumer protection statutes; violations of any federal or state data breach notification statute; negligence; negligence *per se*; breach of implied contract; breach of fiduciary duty; invasion of privacy; unjust enrichment; and failure to provide adequate notice pursuant to any breach notification statute or common law duty, as well as monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, or interest—whether known or unknown (including Unknown Claims as set forth in Paragraph 83 of the Settlement Agreement), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and the amendments thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, Defendant's provision of notice to Settlement Class Members following the Data Incident, Defendant's information security policies and practices as they relate to or arise from the Data Incident, or Defendant's maintenance or storage of Personal Information as they relate to or arise from the Data Incident, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

20.     As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiff, the

Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses Defendant or other Released Persons may have against Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

21.     The Court grants final approval to the appointment of Plaintiff as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

22.     Pursuant to the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representative in the amount of $5,000 as a Service Award. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

23.     The Court grants final approval to the appointment of Cassandra P. Miller of the law firm Strauss Borrelli PLLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for combined attorneys' fees, costs, expenses in the amount of $105,000.00. Payment shall be made pursuant to the terms of the Settlement Agreement.

25.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

26.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed

vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

27.    Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28.    Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29.    This Order resolves all claims against all Parties in this action and is a final order.

30.    The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**SO ORDERED.**

Dated: _____          _____
                                        Honorable Angel Kelley