**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KELLY SHEA**, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>**AMERICAN INTERNATIONAL COLLEGE**,<br><br>                              Defendant. | Case No. 1:24-cv-11449-AK<br>Honorable Angel Kelley |

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court is Plaintiff Kelly Shea's ("Plaintiff") Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiff ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on March 24, 2026, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. 45) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff as the Class Representative and appointed Cassandra P. Miller of the law firm Strauss Borrelli PLLC as Class Counsel; (c) preliminarily approved the

1

Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing;

WHEREAS, on April 23, 2026, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

WHEREAS, on August 6, 2026, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

WHEREAS, the Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

WHEREAS, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

the settlement should be approved as being fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e);

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiff's First Amended Class Action Complaint against Defendant for failure to implement or maintain adequate data security measures and safeguards to protect Personal Information, which Plaintiff alleges directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the

Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including all those individuals who received notice of the Data Incident.

Specifically excluded from the Settlement Class are:

(1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including uncertainty as to the outcome of the litigation and any appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. The claims process as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by the Settlement Administrator pursuant to the procedures set forth in the Settlement Agreement;

b.  Defendant to pay all costs of Notice and Administrative Expenses including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks; and

c.  Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to the Class Representative.

8.  The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

9.  The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

10.  The Court finds that the Notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to

object and to appear at the final approval hearing or to exclude themselves from the Settlement

Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United

States Constitution, and other applicable law

11.     The Court finds that Defendant has fully complied with the notice requirements of

the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12.     As of the Opt-Out deadline, zero (0) potential Settlement Class Members have

requested to be excluded from the Settlement.

13.     Zero (0) objections were filed by Settlement Class Members.

14.     All Settlement Class Members who have not objected to the Settlement Agreement

in the manner provided in the Settlement Agreement are deemed to have waived any objections by

appeal, collateral attack, or otherwise.

15.     The Court has considered all the documents filed in support of the Settlement, and

has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the

Final Approval Hearing, all other papers and documents comprising the record herein, and all oral

arguments presented to the Court.

16.     The Parties, their respective attorneys, and the Settlement Administrator are hereby

directed to consummate the Settlement in accordance with this Final Order and Judgment and the

terms of the Settlement Agreement.

17.     Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator,

and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

18.     Within the time period set forth in the Settlement Agreement, the relief provided

for in the Settlement Agreement shall be made available to the various Settlement Class Members

submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

19. Pursuant to and as further described in the Settlement Agreement, Plaintiff and the

Settlement Class Members release claims as follows:

any and all past, present, and/or future claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, defenses, and remedies of every kind or description in law or in equity, including but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States; all Massachusetts consumer protection statutes; violations of any federal or state data breach notification statute; negligence; negligence *per se*; breach of implied contract; breach of fiduciary duty; invasion of privacy; unjust enrichment; and failure to provide adequate notice pursuant to any breach notification statute or common law duty, as well as monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, or interest—whether known or unknown (including Unknown Claims as set forth in Paragraph 83 of the Settlement Agreement), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and the amendments thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, Defendant's provision of notice to Settlement Class Members following the Data Incident, Defendant's information security policies and practices as they relate to or arise from the Data Incident, or Defendant's maintenance or storage of Personal Information as they relate to or arise from the Data Incident, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

20. As of the Effective Date, the Released Persons are deemed, by operation of the

entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiff, the

Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff

or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit

or the Settlement. Any other claims or defenses Defendant or other Released Persons may have

against Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel

representing Plaintiff or Settlement Class Members, including, without limitation, any claims

based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

21.     The Court grants final approval to the appointment of Plaintiff as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

22.     Pursuant to the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representative in the amount of $5,000 as a Service Award. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

23.     The Court grants final approval to the appointment of Cassandra P. Miller of the law firm Strauss Borrelli PLLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for combined attorneys' fees, costs, expenses in the amount of $105,000.00. Payment shall be made pursuant to the terms of the Settlement Agreement.

25.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of

any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

26.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment

or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

27.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29.     This Order resolves all claims against all Parties in this action and is a final order.

30.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.


**SO ORDERED.**


Dated: _____        _____

                                                Honorable Angel Kelley