**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KELLY SHEA**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN INTERNATIONAL COLLEGE**,<br><br>Defendant. | Case No. 1:24-cv-11449-AK<br><br>Hon. Angel Kelley |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

Plaintiff Kelly Shea and ("Plaintiff"), on behalf of herself and the Settlement Class, respectfully submit this memorandum in support of their Motion for Final Approval of Class Action Settlement.

## I.   INTRODUCTION

On March 24, 2026, the Court preliminarily approved the Settlement between Plaintiff and Defendant American International College ("AIC" or "Defendant"). ECF 45. The Settlement provides substantial benefits to Plaintiff and Settlement Class Members—including a $315,000.00 non-reversionary common fund (the "Settlement Fund")[1] that provides Settlement Class Members with (1) up to $5,000 in compensation for Out-of-Pocket Losses; (2) *Pro Rata* Cash Payment estimated at $50.00; and (3) two years of credit monitoring. ECF 44-1 ("Settlement Agreement" or "S.A."), ¶¶ 56-58. Additionally, the Settlement provides substantial injunctive relief whereby

---

[1] Unless otherwise noted, all capitalized terms have the meanings ascribed to them in the Settlement Agreement.

Defendant implemented additional data security measures—the costs of which Defendant paid separate and apart from the Settlement Fund and other Settlement benefits. *Id*. ¶ 60.

The Settlement is an excellent result for the Settlement Class—defined as "all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including all those individuals who received notice of the Data Incident." *Id*. ¶ 39. Indeed, Class Counsel secured the Settlement only after substantial litigation—including fully briefing Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") and months of hard-fought settlement negotiations. Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF 43 ("Preliminary Approval Motion") at 3-4.

After the Court granted preliminary approval, the Settlement Administrator Simpluris, Inc. ("Simpluris") finalized the notice documents and Settlement Website, and issued notice on April 23, 2026 and the last day for Settlement Class Members to submit a Claim was July 22, 2026. *See* Declaration of Simpluris, Inc. in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Admin. Decl.") ¶¶ 10, 14.[2] The Settlement Class's reaction to the Settlement was overwhelmingly positive. Of the 11,815 Settlement Class Members, none have requested exclusion, and none have submitted objections. *Id*. ¶¶ 19, 21. As of June 22, 2026, Simpluris has received 437 Claim Form submissions, which equates to a current claims rate of 3.70%. *Id*. ¶ 14; *see, e.g., In re Wawa, Inc. Data Sec. Litig*., No. 19-6019, 2024 U.S. Dist. LEXIS 65200, at *71 (E.D. Pa. Apr. 9, 2024) (collecting cases) (explaining that a claims rate of 2.56% "compares favorably to the claims rates in other data breach class actions"); *Brent v. Advanced Med. Mgmt., LLC*, No. 23-3254, 2024 U.S. Dist. LEXIS 227423, at *11 (D. Md. Dec. 13, 2024) (granting final

---

[2] Attached hereto as **Exhibit 1**.

approval and noting that "a claims rate of 3.27% . . . compares favorably to [] breach-related class actions").

As detailed *infra*, the Settlement is fair, reasonable, and adequate pursuant to Rule 23. Thus, Plaintiff respectfully moves the Court for an Order granting final certification of the Settlement Class, final approval of the Settlement, and Plaintiff's Motion for Attorneys' Fees and Costs and Service Award.

## II.   INCORPORATION BY REFERENCE

In the interests of efficiency, for factual and procedural background on this case, Plaintiff respectfully refers the Court to, and incorporates herein, incorporate Plaintiff's Motion for Preliminary Approval of Class Action Settlement filed on March 16, 2026, and the accompanying Exhibits, including the proposed Settlement Agreement, filed in conjunction therewith. ECF 42–44. Plaintiff also incorporates by reference Plaintiff's Motion for Attorneys' Fees and Costs and Service Award, filed on June 8, 2026. ECF 47-48.

## III.   SETTLEMENT SUMMARY

### A.   The Settlement Class and Benefits

The Settlement provides for the certification of a Settlement Class defined as "all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including all those individuals who received notice of the Data Incident." S.A. ¶ 38. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. *Id*.

The Settlement provides both substantial monetary and injunctive relief. *Id*. ¶¶ 55–60. First, the non-reversionary Settlement Fund of $315,000.00 will pay for: (1) up to $5,000.00 per person for unreimbursed Out-of-Pocket Losses (e.g., losses relating to fraud or identity theft, fees for credit repair services, and costs associated with freezing or unfreezing credit); (2) *Pro Rata* Cash Payments, estimated at $50.00, which are increased or decreased depending upon the number of valid claims filed and the amount of funds available for these payments; and (3) two years of credit monitoring. *Id*. ¶ 41, 48. Additionally, the Settlement Fund will be used to pay for Notice and Administration Expenses and court-approved Attorney Fees and Costs and a Service Award. *Id*. Finally, the Settlement provides substantial injunctive relief whereby Defendant implemented additional data security measures—the costs of which Defendant paid separate and apart from the Settlement Fund and other Settlement benefits. *Id*. ¶ 60.

### B. Attorney Fees and Costs and Service Award

On October 25, 2024, Plaintiff filed her Motion for Attorneys' Fees and Costs and Service Award. ECF 47-48. Therein, Plaintiff requested (1) Attorneys' Fees and Costs of $105,000.00, expenses in the amount of $630.00, and a Service Award to the Class Representatives in the amount of $5,000.00.

### C. Settlement Administration, Notice, and Claim Form Submissions

#### a. *Direct Notice Program*

Pursuant to the Parties' Settlement Agreement and the Preliminary Approval Order, Simpluris formatted the postcard Notice to be sent by mail. The Long Form Notice was also made available on the Settlement Website. Admin. Decl. ¶ 6. The Notices advised Settlement Class Members of their rights to submit a claim, request exclusion from the settlement, object to the settlement, or do nothing, and the implications of each such action. *Id*. ¶ 7. The Notices also

advised Settlement Class Members of applicable deadlines and other events, including the Final

Approval Hearing, and how Settlement Class Members could obtain additional information. *Id*.

On or about April 2, 2026, Counsel for Defendant provided Simpluris with a data file

containing 11,822 Settlement Class Members names and mailing addresses. *Id*. ¶ 8. Upon receipt

of the Class List, Simpluris reviewed the data to ensure it was in proper format for distributing the

Notice via U.S. Mail. *Id*. ¶ 9. In an effort to ensure that the Notice would be delivered to class

members, Simpluris compared the address data against the United States Postal Service ("USPS")

National Change of Address ("NCOA") database and updated the data to a Settlement-specific

database with the changes received from NCOA. *Id*. Seven (7) exact duplicates were removed, and

the final class list was confirmed to contain 11,815 Settlement Class Members. *Id*.

On April 23, 2026, Simpluris mailed the Postcard Notice to the 11,815 Settlement Class

Members for whom a valid mailing address was available. *Id*. ¶ 10. As of June 22, 2026, 1,789

Postcard Notices have been returned by USPS. *Id*. ¶ 11. For the mailings returned without a

forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on these

addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. *Id*. Simpluris used

the Settlement Class Member's name and previous address to locate a more current address. *Id*.

Of the 1,789 returned Notices, 1,713 Notices were re-mailed to either a newfound address or with

forwarding addresses provided by USPS, and 76 Notices were determined to be undeliverable

because no updated address was available. *Id*. Based on the forgoing, Simpluris has reason to

believe that direct notice reached 99.36% of Settlement Class Members, or 11,739 individuals. *Id*.

   b.  *Settlement Website and Telephone Number*

In addition to the direct notice programs, on April 23, 2026, Simpluris established a

Settlement Website at [www.AICDataSettlement.com](http://www.AICDataSettlement.com). *Id*. ¶ 12. The Settlement Website includes

important dates and deadlines, and allows Settlement Class Members to submit a Claim Form online. *Id*. ¶¶ 12, 14.    The Settlement Website also contains important Settlement-related documents, such as the Settlement Agreement, the Preliminary Approval Order, Plaintiff's Motion for Attorneys' Fees, Costs and Service Award and a downloadable version of the Notice of Class Action Settlement and Claim Form. *Id*. ¶ 12. As of June 22, 2026, the website has been visited by 1,669 unique visitors with 3,971 page views. *Id*.

Simpluris additionally created a Settlement-specific toll-free telephone number, 833-386-6521, which was included in the Notice and on the Settlement Website for the purpose of allowing Settlement Class Members to make inquiries regarding the Settlement. *Id*. ¶ 13. The number is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement administration. *Id*. The telephone number is active and has been available to the public since April 23, 2026. *Id*.

### c.   Opt-Outs and Objections

The deadline for Settlement Class Members to submit an opt-out request or to object to the Settlement was June 22, 2026. *Id*. ¶¶ 18, 20. As of the date of this motion, Simpluris has receive zero (0) opt-out requests and zero (0) objections to the Settlement. *Id*. ¶¶ 19, 21.

### d.   Claim Form Submissions

The deadline for Settlement Class Members to submit a Claim Form, via the Settlement Website or by mailing a physical form to the Settlement Administrator, was July 22, 2026. *Id*. ¶ 14. As of June 22, 2026, Simpluris has received 437 Claim Form submissions, which equates to a current claims rate of 3.70%. *Id*. Of the claims received, 1 Settlement Class Member claimed reimbursement for out-of-pocket losses, totaling $1,820.00, 135 Settlement Class Members elected

to receive Credit Monitoring Services, and 408 Settlement Class Members elected to receive a *Pro Rata* Cash Payment. *Id*. ¶¶ 15-17.

Based on the positive reaction from the Settlement Class, and the complete absence of any opt-out requests and objections, the Court should finally approve the Settlement and grant the other relief sought herein.

## IV.    ARGUMENT

### A.  The Settlement is Fair, Reasonable, and Adequate

The Court previously determined that the Settlement is fair, reasonable, and adequate under Fed. R. Civ. P. 23, that the Settlement is within the range of possible approval, and that the Settlement was entered into after litigating Defendant's motion to dismiss Plaintiff's FAC and after extensive, arm's-length negotiations. ECF 45. Moreover, Plaintiff's Preliminary Approval Motion detailed how the Settlement satisfies the Rule 23(e) factors, the Rule 23(a) elements, and Rule 23(b)(3) elements.[3] *Id*. at 8–19. Since then, there has been no intervening change that would disturb the Court's initial determination—thus, the Court should now finally determine that the Settlement is fair, reasonable, and adequate and should be approved.

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Approval under Rule 23(e) involves two steps where "[a]t the first stage, the court makes a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms" and "[a]t the second stage, after notice to all class members and a hearing at which class members may appear to support or object to the proposed settlement,

---

[3] For the sake of brevity, Plaintiff will not restate the full analysis found in Preliminary Approval Motion. *See* ECF 43. However, for the sake of thoroughness, Plaintiff summarizes *infra* how the Settlement satisfies Rules 23(e), 23(a), and 23(b)(3).

the court determines whether final approval is warranted." *Mongue v. The Wheatleigh Corp.*, No. 3:18-cv-30095, 2023 U.S. Dist. LEXIS 147961, at \*12 (D. Mass. Aug. 23, 2023) (collecting cases). "While the district court must carefully assess the proposed settlement, at the end of the day, 'there is a ***presumption*** in its favor so long as parties engaged in arms-length negotiations after meaningful discovery.'" *Id.* (emphasis added) (quoting *In re: Ranbaxy Generic Drug Application Antitrust Litig.*, 630 F. Supp. 3d 241, 244-45 (D. Mass. 2022)); *see also Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 343 (D. Mass. 2015) ("There is a presumption that a settlement is within the range of reasonableness '[w]hen sufficient discovery has been provided and the parties have bargained at arms-length.'") (quoting *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)). Moreover, "[t]he determination of whether a settlement is fair, reasonable and adequate . . . should be evaluated within the context of the public policy favoring settlement." *Hill v. State St. Corp.*, 2014 U.S. Dist. LEXIS 179702, at \*17 (D. Mass. Nov. 26, 2014); *see also P.R. Dairy Farmers Ass'n v. Pagan*, 748 F.3d 13, 20 (1st Cir. 2014) (noting the "strong public policy in favor of settlements"). Considering the foregoing, this Settlement warrants Final Approval.

a. *The Presumption in Favor of Reasonableness Applies Here*

Indeed, as discussed above, this Settlement only reached after litigating Defendant's motion to dismiss and after multiple rounds of arm's-length negotiations over several months. Preliminary Approval Motion at 3-4. During the Parties' settlement discussions, Defendant produced informal discovery necessary to evaluate the strengths and weaknesses of Plaintiff's claims, including information about the size and scope of the Data Incident, the type of Personal Information affected, and Defendant's response thereto. *Id.* at 3. As such, the Settlement is the product of serious, informed, non-collusive negotiations between the Parties. *See also Robinson*,

8

14 F.4th at 59 (affirming settlement approval where parties engaged in pre-mediation discovery and negotiated settlement shortly after filing the action); *see also Carter v. Vivendi Ticketing United States LLC*, 2023 U.S. Dist. LEXIS 210744, at *15 (C.D. Cal. Oct. 30, 2023) (approving early settlement in data breach case reached after informal discovery and collection of publicly available information).

In reaching this resolution, Class Counsel was able to utilize their significant experience in class action litigation, including their particular experience litigating data breach actions specifically. Preliminary Approval Motion at 13. Through its investigation and experience, Class Counsel fully evaluated whether Plaintiff's "claims would be dismissed before trial, the amount [Plaintiff] might receive at trial, the number and novelty of the complex issues, the risk that [Plaintiff] would receive less than the Settlement Relief or take nothing, and the risk of a reversal of any judgment in favor of [Plaintiff]." *In re Prudential Ins. Co. of Am. SGLI/VGLI Contract Litig.*, 2014 U.S. Dist. LEXIS 170100, at *11 (D. Mass. Dec. 9, 2024); *Carter*, 2023 U.S. Dist. LEXIS 210744 at *15 ("With all that information, the parties were able to realistically value the scope of Defendant's potential liability and assess the costs, risks, and delay of continuing to litigate.").

   b.   *The Relief Obtained is More than Fair, Reasonable, and Adequate*

Plaintiff and Class Counsel obtained a strong result for the Settlement Class. In addition to obtaining injunctive relief for Settlement Class Members, the $315,000.00 Settlement for 11,815 Settlement Class members (i.e., approximately $26.66 per person[4]), is in line with or exceeds other

---

[4] Given the average claims rates in data breach cases (1-3%), the actual amounts claimants receive greatly exceed the per person calculation, providing a useful benchmark when comparing cases.

settlements in cases involving data breaches. The instant Settlement compares favorably to other

similar common fund data breach settlements from around the country:

| Case | Settlement Amount | Class Size | Per Person |
|---|---|---|---|
| *Marshall v. Lamoille Health Partners, Inc.*, No. 2:22-cv-00166-wks (D. Vt.) | $540,000.00 | 59,381 | $9.09 |
| *Lutz et al. v. Electromed Inc.*, No. 0:21-cv-02198-KMM-DTS (D. Minn.) | $825,000.00 | 47,429 | $17.39 |
| *May et al. v. Five Guys Enterprises LLC*, No. 1:23-cv-00029-CMH-JFA (E.D. Va.) | $700,000..00 | 37,922 | $18.46 |
| *James et al. v. DAVACO Inc., et al.*, No. 3:21-cv-02318-M (N.D. Tex.) | $540,000.00 | 14,193 | $38.05 |
| *In re Wasserstrom Holdings, Inc. Data Breach Litig.* No. No. 2:23-cv-2070 (S.D. Ohio) | $350,000.00 | 10,501 | $33.33 |

Further, the Settlement will provide real monetary benefits to Settlement Class Members

including: (1) compensation of up to $5,000.00 for Out-of-Pocket Losses related to the Data

Incident; (2) a *Pro Rata* Cash Payment, estimated at $50.00, comprised of a *pro rata* share of all

cash remaining in the Net Settlement Fund; and (3) the ability to enroll in two years of Credit

Monitoring Services. SA ¶¶ 56-58.

As outlined in the Preliminary Approval Motion, Plaintiff faced significant risks and costs

if she had continued to litigate the Action, including the fact that the Court might not certify a

class. *Id.* at 9-10. As noted by courts around the country, "[d]ata breach cases . . . are particularly

risky, expensive and complex" due at least in part to the cutting-edge, innovative nature of data

breach litigation and the rapidly evolving law. *In re Fortra File Transfer Software Data Sec.

Breach Litig.*, 794 F. Supp. 3d 1203, 1220 (2025) (noting "[D]ata breach class actions

are risky cases."); *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415- CMA-SKC, 2019

WL 6972701, at *1 (D. Colo. Dec. 16, 2019). Thus, data breach cases generally face substantial

class certification hurdles. *See, e.g., In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-

mn-02972-JFA, 2024 U.S. Dist. LEXIS 86740, at *94 (D.S.C. May 14, 2024) (denying class

certification in a data breach action after concluding proposed classes were not ascertainable) [5]; *In re TJX Cos. Retail Sec. Breach Litig.*, 246 F.R.D. 389 (D. Mass. 2007) (denying class certification in cybersecurity incident class action litigation).

Second, Plaintiff's claims might not have survived, or survived in full, on a class-wide basis after a motion for class certification, motion for summary judgment, and/or *Daubert* motions on damages methodologies, among other motions. To the extent the law has gradually accepted this relatively new type of litigation, the path to a class-wide monetary judgment remains unpaved, particularly concerning damages. *See, e.g., Southern Independent Bank v. Fred's, Inc.*, No. 2:15-CV-799-WKW, 2019 U.S. Dist. LEXIS 40036, at *51 (M.D. Ala. Mar. 13, 2019) (causation not satisfied for certification purposes in data breach class action). Indeed, the potential class-wide damages methodologies, while theoretically sound in Plaintiff's view, remain unproven in front of a jury.

Third, time was not on the Settlement Class members' side. While the Parties would be litigating the foregoing issues, potentially for years to come, Settlement Class members would have been exposed to the ongoing risk of identity theft without the protection of the Credit Monitoring Services offered by the instant Settlement. Thus, a reasonable settlement is more practical than facing the risks of no recovery at all after years of litigation. In contrast to the risk, cost, and delay posed by proceeding to trial, if it is approved, the Settlement will provide certain, substantial, and immediate relief to the Settlement Class. It ensures that Settlement Class Members will receive guaranteed compensation now, provides them with access to valuable and useful

---

[5] Plaintiff note the court in *Blackbaud* found a lack of ascertainability, which is not at issue here because AIC maintains the very data—due to Defendant's direct relationships with the Class—necessary to determine who was the subject of the Data Incident and what Personal Information was taken for each Settlement Class Member.

Credit Monitoring Services and other benefits that may not have been available at trial, and security measures to protect Settlement Class Member's data that may remain with the company. Based on the foregoing, it is Class Counsel's well-informed opinion that, given the uncertainty and further substantial risk and expense of pursuing the Action through contested class certification proceedings, trial and appeal, the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. *See* Preliminary Approval Motion at 13. Accordingly, the substantial costs, risk, and delay of a trial and appeal support a finding that the proposed Settlement is adequate.

Finally, the Settlement has received a positive reception from the Settlement Class. The 437 Claim Forms submitted thus far represent an approximate 3.70% claims rate, which exceeds the claims rates seen in most data breach class actions. Admin. Decl. ¶ 14; *see, e.g., In re Wawa, Inc. Data Sec. Litig.*, No. 19-6019, 2024 U.S. Dist. LEXIS 65200 (E.D. Pa. Apr. 9, 2024) (2.56% claims rate "actually compares favorably to the claims rates in other data breach class actions"); *Carter*, 2023 U.S. Dist. LEXIS 210744 at *15 (1.6% claims rate "is in line with claims rates in other data breach class action settlements" and collecting cases with claims rates between 0.83% and "about two percent"). As such, the claims rate should be seen as a favorable sign that the Settlement Class approves of this Settlement.

Likewise, out of 11,815 Settlement Class Members, not one has lodged an objection or opted-out of the Settlement. Admin. Decl. ¶¶ 19, 21. This clearly demonstrates the Settlement has received a very positive reception by the Settlement Class. The unanimous support for this Settlement reaffirms the Court's preliminary conclusion that the Settlement is fair, reasonable and adequate.

## B. The Court Should Finally Certify the Settlement Class.

Settlement classes are routinely certified for settlement in analogous data breach cases.[6] Likewise, this Settlement is also fair, reasonable, adequate, and also meets the Rule 23(a) requirements (numerosity, commonality, typicality, and adequacy) and the Rule 23(b)(3) requirements (predominance and superiority). ECF 45. Thus, the Court should finally certify the Settlement Class for the reasons set forth in Plaintiff's Preliminary Approval Motion. ECF 42-44.

### a. The Rule 23(a) Requirements Remain Satisfied

#### i. Numerosity

Rule 23(a) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While no magic number applies to every case, classes of forty of more have been found to be sufficiently numerous for purposes of Rule 23(a)(1), *Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 554 (Mar. 6, 2017). Here, there are over 11,815 Settlement Class Members. Plaintiff's position is that joinder is therefore impracticable and the Settlement Class satisfies the numerosity requirement.

---

[6] *See, e.g., Abubaker v. Dominion Dental USA, Inc.,* No. 1:19-cv-01050, 2021 U.S. Dist. LEXIS 252202 (E.D. Va. Nov. 19, 2021); *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.,* No. l:16-cv-03025, 2019 U.S. Dist. LEXIS 120558 (D. Md. July 15, 2019); *In re Equifax Inc. Customer Data Security Breach Litig.,* No. l:17-md-2800, 2020 U.S. Dist. LEXIS 118209 (N.D. Ga. March 17, 2020), *aff'd in relevant part* 999 F.3d 1247 (11th Cir. 2021), *cert. denied sub nom. Huang v. Spector,* 142 S. Ct. 431 (2021), and *cert. denied sub nom. Watkins v. Spector,* 142 S. Ct. 765 (2022); *In re Anthem, Inc. Data Breach Litig.,* 327 F.R.D. 299 (N.D. Cal. 2018); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.,* 341 F.R.D. 128, 172-74 (D. Md. 2022) (certifying certain statewide classes; Rule 23(f) appeal granted).

ii.  Commonality

Plaintiff's position is that the Settlement Class also satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, as in most data breach cases, Plaintiff believes "there are numerous common contentions capable of class wide resolution" *In re TikTok, Inc., Consumer Priv. Litig*., 617 F. Supp. 3d 904, 922 (N.D. Ill. 2022) (cleaned up). Indeed, common questions include (i) whether Settlement Class Members' Personal Information was compromised in the Data Incident; (ii) whether Defendant owed a duty to Plaintiff and Settlement Class Members to protect their Personal Information; (iii) whether Defendant breached its duties; and (iv) whether Defendant violated the common law and statutory violations. Thus, the commonality requirement is met.

iii.  Typicality

Plaintiff satisfies the typicality requirement under Rule 23 because her claims based on Defendant's alleged failure to protect her and Settlement Class Members' Personal Information are coextensive with those of the absent class members. *See* Fed. R. Civ. P. 23(a)(3). Plaintiff alleges that her Personal Information was compromised and that she was impacted by the same inadequate data security that harmed the Settlement Class. *See Ward v. Liberty Mut. Ins. Co.,* No. 24-10526, 2026 U.S. Dist. LEXIS 130887, at *8 (D. Mass. June 12, 2026) (explaining that "typicality is established if the claims of the class representative "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based upon the same legal theory.") As such, typicality is satisfied here.

14

iv.   Adequacy

The adequacy requirement is satisfied where (i) there are no antagonistic interests between the named plaintiffs and their counsel and the absent class members; and (ii) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. Fed. R. Civ. P. 23(a)(4); *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1085 (N.D. Ill. 2021). Here, Plaintiff is a member of the Settlement Class who allegedly experienced the same injuries and seeks, like other Settlement Class Members, compensation for Defendant's alleged data security shortcomings. Plaintiff has no conflicts of interest with other Settlement Class Members, is subject to no unique defenses, and her and her counsel have and continue to vigorously prosecute this case on behalf of the Settlement Class. Further, Class Counsel has substantial experience vigorously prosecuting class actions and is well suited to advocate on behalf of the Settlement Class. Accordingly, the adequacy requirement is satisfied.

b.   *The Rule 23(b)(3) Requirements Remain Satisfied*

Plaintiff also seeks to certify the Settlement Class, for settlement purposes only, under Rule 23(b)(3) which has two components: (i) predominance and (ii) superiority. Fed. R. Civ. P. 23(b)(3). Pursuant to Rule 23(b)(3), the Court must find that common questions of law or fact predominate over individual questions and that a class action is a superior method for the fair and efficient resolution of the matter. *Id*.

i.   Predominance

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). As discussed above, Plaintiff's position is that common questions predominate over any questions affecting only individual members. Plaintiff's claims are based on Defendant's allegedly

15

uniform conduct related to the Data Incident that allegedly affected all Settlement Class Members in a similar manner. Plaintiff's claims depend on whether Defendant used reasonable data security to protect her Personal Information. Plaintiff contends that question can be resolved, for settlement purposes, using the same evidence for all Settlement Class Members, and therefore, makes class-wide settlement appropriate. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3)") (cleaned up); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d at 926 (finding predominance in data privacy case).

### ii. Superiority

Furthermore, Plaintiff believes class-wide resolution is the most practical method of addressing the alleged violations in this case. While Plaintiff believes the total economic harm caused by the Data Incident is significant, each individual claim is small compared to the costs of litigating it separately. Here, there are over 11,000 Settlement Class Members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See, e.g.*, *Loughlin v. Vi-Jon, LLC*, 728 F. Supp. 3d 163, 179 (D. Mass. Mar. 29, 2024) (noting "The core purpose of Rule 23 (b) (3) is to vindicate the claims of consumers and other groups of people whose individual claims would be too small to warrant litigation."). Because the claims here are being certified for purposes of settlement, there are no issues with manageability and resolution of thousands of claims in one action is superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See Amchem*, 521 U.S. at 620. ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

16

In sum, the proposed Class's claims satisfy Rule 23(b)(3)'s requirements and should be certified for settlement purposes. Adjudicating individual actions here is impracticable—the amount in dispute for each class member is small, the technical issues involved are too complex, and the required expenses costly. Thus, the Court may continue to certify the Class for settlement.

### C. Notice Satisfied Due Process and Rule 23.

Final approval is proper when "notice was conducted in a reasonable manner, consistent with Fed. R. Civ. P. 23 and due process concerns." *Bezdek*, 79 F. Supp. 3d at 336. Thus, "notice of a class action settlement must be reasonably calculated to reach the absent class members." *Id*. (cleaned up) (quoting *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004)). Here, the Court previously approved the Notice program proposed in this case and found it satisfied all requirements of due process and Rule 23. ECF 45.

As detailed *supra*, Simpluris issued notice in the best practicable manner by directly notifying a substantial portion of the Class via direct mail notice. Admin. Decl. ¶¶ 6-13. The reach rate of the notice program was 99.36%—which far exceeds the accepted threshold of 70%. *Id*. ¶ 11; *see also Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 1 (2010) (recognizing the effectiveness of notice that reaches between 70 and 95 percent of the class); *In re Tiktok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 928 (N.D. Ill. 2022) (granting final approval when notice "clear[ed] the Federal Judicial Center's seventy-percent threshold"). Such notice complies with the program approved by this Court in its Preliminary Approval Order, is consistent with notice programs across the United States and is considered a "high percentage" that is within the "norm." *See* Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges*, 27 (3d ed. 2010). Thus, Notice satisfied due process and Rule 23.

**D. Plaintiff's Motion for Attorneys' Fees and Costs and Service Award Should Be Approved.**

On June 8, 2026, Plaintiff filed her Motion for Attorneys' Fees and Costs and Service Award ("Fee Motion"). ECF 47-48. As explained therein, the requested amount of attorneys' fees is reasonable and represents a modest lodestar multiplier of approximately 1.21. Fee Motion at 13. Furthermore, zero (0) objections were filed in opposition to Plaintiff's request for attorneys' fees. Admin. Decl. ¶ 21. Moreover, the requested Service Award is reasonable and warranted. *Id.* at 15–16. Here too, zero (0) objections were filed in opposition to the requested Service Award. Admin. Decl. ¶ 21. Such positive reactions by the Settlement Class are significant and strongly support Plaintiff's Motion for Attorneys' Fees and Costs and Service Award.

## V.    CONCLUSION

For the reasons discussed herein, Plaintiff respectfully requests that the Court enter an Order: (1) granting final certification of the Settlement Class; (2) granting final approval of the Settlement; and (3) granting Plaintiff's Motion for Attorneys' Fees and Costs and Service Award.


DATED: July 21, 2026                    Respectfully submitted,

                                        By: */s/ Cassandra P. Miller*
                                            Cassandra P. Miller (*Pro Hac Vice*)
                                            **STRAUSS BORRELLI PLLC**
                                            One Magnificent Mile
                                            980 N. Michigan Avenue, Suite 1610
                                            Chicago, Illinois 60611
                                            Telephone: (872) 263-1100
                                            Facsimile: (872) 263-1109
                                            cmiller@straussborrelli.com

                                            Anthony Paronich
                                            **PARONICH LAW, P.C.**
                                            350 Lincoln Street, Suite 2400
                                            Hingham, MA 02043
                                            Telephone: (617) 485-0018

Facsimile: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and Settlement Class*

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on July 21, 2026, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to counsel of record, via the ECF system.

DATED this 21st day of July, 2026.

STRAUSS BORRELLI PLLC

By:  */s/ Cassandra P. Miller*
        Cassandra P. Miller
        STRAUSS BORRELLI PLLC
        One Magnificent Mile
        980 N. Michigan Ave., Suite 1610
        Chicago, IL 60611
        Telephone: (872) 263-1100
        Facsimile: (872) 263-1109
        cmiller@straussborrelli.com

— **EXHIBIT  1** —

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KELLY SHEA, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL COLLEGE,<br><br>       Defendant. | Civil Action No. 24-CV-11449-AK |

**DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS INC. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Katy Liebhold, declare and state as follows:

1.      Under penalties as provided by law pursuant to 28 U.S.C. § 1746, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify that I believe the same to be true.

2.      I am a Project Manager at Simpluris, Inc. ("Simpluris"). Simpluris is a national full-service class action notice and Settlement Administrator located in Costa Mesa, California.

3.      Established in 2007, Simpluris has administered over 10,000 cases nationwide, with class sizes ranging from a few hundred to over one million class members. Representative cases include: *Myart v. AutoZone, Inc.* and *Aceves v. Autozone, Inc.* (US District Court, Central District of California) (208,050 class members), *Diaz v. SeaWorld* (Superior Court of the State of California) (1,281,123 class members), and *Woods v. Vector Marketing* (US District Court, Northern District of California) (194,500 class members).

4.      Simpluris was approved by Counsel for both Parties and appointed by the Court in the Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement entered on March 24, 2026, to provide settlement administration services in this settlement. In this capacity, Simpluris was charged with the following:

     a.      Establishing and maintaining a Settlement-specific website at www.AICDataSettlement.com;

     b.      Establishing and maintaining a Settlement-specific toll-free phone number (1-833-386-6521);

     c.      Formatting for printing and mailing a Postcard Notice to Settlement Class Members;

     d.      Receiving and processing Settlement Class Members' requests for exclusion from the proposed settlement and objections to the proposed settlement;

     e.      Receiving, processing and validating Settlement Class Members' Claim Forms;

     f.      Processing and issuing payments via check, PayPal, Venmo, Zelle and E-Mastercard to Settlement Class Members, and sending payments to the Settlement Class Representatives and Settlement Class Counsel;

     g.      Providing counsel for the Parties with weekly status reports; and

     h.      Other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC.
Page 2 of 6

## CAFA NOTIFICATION

5.      On April 3, 2026, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, Simpluris completed a mailing that informed the appropriate state and federal Attorneys General about the Settlement on behalf of Defendant. Attached hereto as **Exhibit A** is a true and correct copy of the CAFA notice letter sent to the Attorneys General and the list of recipients.

## DIRECT NOTICE PROGRAM

6.      Pursuant to the Parties' Agreement and the Preliminary Approval Order, Simpluris formatted the Postcard Notice to be sent by mail. The Long Form Notice was also made available on the Settlement Website.

7.      The Notices advised Settlement Class Members of their rights to submit a claim, request exclusion from the settlement, object to the settlement, or do nothing, and the implications of each such action. The Notices advised Settlement Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Settlement Class Members could obtain additional information.

8.      On or about April 2, 2026, Counsel for Defendant provided Simpluris with a data file containing 11,822 Settlement Class Members names and mailing addresses.

9.      Upon receipt of the Class List, Simpluris reviewed the data to ensure it was in proper format for distributing the Notice via U.S. Mail. In an effort to ensure that the Notice would be delivered to class members, Simpluris compared the address data against the United States Postal Service ("USPS") National Change of Address ("NCOA") database and updated the data to a Settlement-specific database with the changes received from NCOA. 7 exact duplicates were removed, and the final class list was confirmed to contain 11,815 Settlement Class Members.

10.    On April 23, 2026, Simpluris mailed the Postcard Notice to the 11,815 Settlement Class Members for whom a valid mailing address was available. Attached hereto as **Exhibit B** is a true and correct copy of the Postcard Notice.

11.    As of July 7, 2026, 1,793 Postcard Notices have been returned by USPS. For the mailings returned without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Settlement Class Member's name and previous address to locate a more current address. Of the 1,793 returned Notices, 1,714 Notices were re-mailed to either a newfound address or with forwarding addresses provided by USPS, and 79 Notices were determined to be undeliverable because no updated address was available. Based on the forgoing, Simpluris has reason to believe that direct notice reached 99.33% of Settlement Class Members (11,736 individuals).

## WEBSITE AND TELEPHONE NUMBER

12.    Simpluris prepared and maintains a Settlement website at www.AICDataSettlement.com that includes important dates and deadlines, and Settlement-related documents, including the Settlement Agreement, the Preliminary Approval Order, the Motion for Attorneys' Fees, Costs and Service Award and a downloadable version of the Notice of Class Action Settlement and Claim Form. The website has been available to the public since April 23, 2026. As of July 7, 2026, the website has been visited by 2,078 unique visitors with 4,900 page views. Attached hereto as **Exhibit C** and **Exhibit D** are true and correct copies of the Notice of Class Action Settlement and the Claim Form.

13.    A Settlement-specific toll-free telephone number was included in the notice and on the website for the purpose of allowing Settlement Class Members to make inquiries regarding the

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC.
Page 4 of 6

Settlement. The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement administration. The toll-free telephone number included in the notice and on the website is 1-833-386-6521. This telephone number is active and has been available to the public since April 23, 2026. The Settlement-specific toll-free telephone number has received 6 phone calls between April 23, 2026, and July 7, 2026.

## CLAIM FORM SUBMISSIONS

14.    The deadline to submit a claim form is July 22, 2026. Settlement Class Members are able to submit a claim through the Settlement Website or by mailing a physical claim form to the Settlement Administrator. As of July 7, 2026, Simpluris has received 642 Claim Form submissions, which equates to a current claims rate of 5.43%.

15.    Reimbursement for Documented Out-Of-Pocket Losses: Of the claims received, 1 Settlement Class Member claimed reimbursement for out-of-pocket losses, totaling $1,820.00.

16.    Credit Monitoring Services: Of the claims received, 194 Settlement Class Members elected to receive credit monitoring services.

17.    Alternative Cash Payment: Of the claims received, 591 Settlement Class Members elected to receive a cash payment.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

18.    The postmark deadline for Settlement Class Members to submit a request for exclusion from the proposed Settlement was June 22, 2026.

19.    As of the date of this Declaration, Simpluris has received zero requests for exclusion from the proposed Settlement.

20.    The postmark deadline for Settlement Class Members to submit an objection to the proposed Settlement was June 22, 2026.

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC.
Page 5 of 6

21.    As of the date of this Declaration, Simpluris has received zero objections to the proposed Settlement from Settlement Class Members.

## ADMINISTRATION COSTS

22.    Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, will be $27,198.00.

I declare under penalty of perjury that the above is true and correct and that this Declaration was executed this 9th day of July, 2026 in Buena Vista, Colorado.

_Katy Liebhold_
KATY LIEBHOLD

# EXHIBIT A



Date: April 3, 2026

**Re:**   **KELLY SHEA V. AMERICAN**
**INTERNATIONAL COLLEGE**
**Case Number: 1:24-cv-11449-AK**
**United States District Court for the Eastern District of Massachusetts**
**Notice of Proposed Settlement**

Dear Mr./Madam Attorney General:

Defendant American International College ("AIC") provides this notice pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1715. The parties to the above-referenced class action have reached a proposed class settlement regarding all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by AIC in November 2023, including all those individuals who received notice of the Data Incident.

Pursuant to 28 U.S.C. § 1715(b), please visit the website link listed below to view documents which contain of all the necessary information regarding the proposed Settlement. The documents available on the website are listed below.

**Document Site:**   **https://transfer.simpluris.com/link/rAoadI352iAfFsPARlGhmo**
This link expires on September 29, 2026. You may need to log in to view and/or download the documents. If you have issues, please contact the Settlement Administrator.

**Available**   Exhibit A – Class Action Complaint
**Documents:**   Exhibit B – First Amended Class Action Complaint
Exhibit C – Plaintiff's Motion, Memorandum, & Declaration for Preliminary
Approval
Exhibit D – Settlement Agreement
Exhibit E – Preliminary Approval Order
Exhibit F – Proposed Notice of Class Action Settlement
Exhibit G – Summary of Estimated Class Members Based on State

The class list data used to prepare the summary list of settlement payments is preliminary pursuant to the agreement.

The Court has granted conditional preliminary approval on March 24, 2026 and scheduled a final approval hearing for August 6, 2026.



For additional information about this Settlement, please contact:

| Settlement Administrator: | Class Counsel: | Defense Counsel: |
|---|---|---|
| Simpluris, Inc.<br>3194 Airport Loop Dr., Ste. C<br>Costa Mesa, CA 92663 | Cassandra P. Miller<br>Straus Borrelli PLLC<br>980 N Michigan Ave, Suite 1610<br>Chicago, IL 60611<br>Tel: (872) 263-1100<br>Email: cmiller@straussborrelli.co | Ben Dunlap<br>FREEMAN MATHIS<br> & GARY, LLP<br>One Boston Place<br>201 Washington Street, Suite 2200<br>Boston, MA 02108<br>Tel: 617-963-5973<br>Email: ben.dunlap@fmglaw.com |

Materials filed in this action can be obtained through PACER, which is accessible at https://www.pacer.uscourts.gov/file-case/court-cmecf-lookup.

Regards,

Katy Liebhold
Project Manager
Katy.Liebhold@simpluris.com
714.640.5617

**Shea v. American International College**
**CAFA Notice Recipient List**

| Name1 | Name2 | State | Method of Notice |
|---|---|---|---|
| Office of the United States Attorney General | The Honorable Pam Bondi | District of Columbia | Paper Mail |
| Office of the Alabama Attorney General | The Honorable Steve Marshall | Alabama | Paper Mail |
| Office of the Alaska Attorney General | The Honorable Treg Taylor | Alaska | Email |
| Office of the American Samoa Attorney General | The Honorable Gwen Tauiliili-Langkilde | American Samoa | Paper Mail |
| Office of the Arizona Attorney General | The Honorable Kris Mayes | Arizona | Paper Mail |
| Office of the Arkansas Attorney General | The Honorable Tim Griffin | Arkansas | Paper Mail |
| Office of the California Attorney General | The Honorable Rob Bonta | California | Paper Mail |
| Office of the California Attorney General | ATTN: CAFA Coordinator | California | Paper Mail |
| Office of the Colorado Attorney General | The Honorable Phil Weiser | Colorado | Paper Mail |
| Office of the Connecticut Attorney General | The Honorable William Tong | Connecticut | Paper Mail |
| Office of the Delaware Attorney General | The Honorable Kathy Jennings | Delaware | Paper Mail |
| Office of the District of Columbia Attorney General | The Honorable Jeanine Pirro, Interim | District of Columbia | Paper Mail |
| Office of the Florida Attorney General | The Honorable James Uthmeier | Florida | Email |
| Office of the Georgia Attorney General | The Honorable Chris Carr | Georgia | Paper Mail |
| Office of the Guam Attorney General | The Honorable Douglas Moylan | Guam | Paper Mail |
| Department of the Attorney General | The Honorable Anne E. Lopez | Hawaii | Paper Mail |
| Office of the Idaho Attorney General | The Honorable Raúl Labrador | Idaho | Paper Mail |
| Office of the Illinois Attorney General | The Honorable Kwame Raoul | Illinois | Email |
| Office of the Indiana Attorney General | The Honorable Todd Rokita | Indiana | Paper Mail |
| Office of the Iowa Attorney General | The Honorable Brenna Bird | Iowa | Paper Mail |
| Office of the Kansas Attorney General | The Honorable Kris Kobach | Kansas | Paper Mail |
| Office of the Kentucky Attorney General | The Honorable Russell Coleman | Kentucky | Paper Mail |
| Office of the Louisiana Attorney General | The Honorable Liz Murrill | Louisiana | Paper Mail |
| Office of the Maine Attorney General | The Honorable Aaron Frey | Maine | Paper Mail |
| Office of the Maryland Attorney General | The Honorable Anthony G. Brown | Maryland | Paper Mail |
| Office of the Massachusetts Attorney General | The Honorable Andrea Campbell | Massachusetts | Paper Mail |
| Department of the Attorney General | The Honorable Dana Nessel | Michigan | Paper Mail |
| Office of the Minnesota Attorney General | The Honorable Keith Ellison | Minnesota | Paper Mail |
| Office of the Mississippi Attorney General | The Honorable Lynn Fitch | Mississippi | Paper Mail |
| Office of the Missouri Attorney General | The Honorable Andrew Bailey | Missouri | Paper Mail |
| Office of the Montana Attorney General | The Honorable Austin Knudsen | Montana | Paper Mail |
| Office of the Nebraska Attorney General | The Honorable Mike Hilgers | Nebraska | Paper Mail |
| Office of the Nevada Attorney General | The Honorable Aaron Ford | Nevada | Email |
| Office of the New Hampshire Attorney General | The Honorable John Formella | New Hampshire | Paper Mail |
| Office of the New Jersey Attorney General | The Honorable Matthew J. Platkin | New Jersey | Paper Mail |
| Office of the New Mexico Attorney General | The Honorable Raul Torrez | New Mexico | Paper Mail |
| Office of the New York Attorney General | The Honorable Letitia James | New York | Email |
| Office of the North Carolina Attorney General | The Honorable Jeff Jackson | North Carolina | Paper Mail |
| Office of the North Dakota Attorney General | The Honorable Drew Wrigley | North Dakota | Paper Mail |
| Office of the Northern Mariana Islands Attorney Ge | The Honorable Edward Manibusan | Northern Mariana Islands | Paper Mail |
| Office of the Ohio Attorney General | The Honorable Dave Yost | Ohio | Paper Mail |
| Office of the Oklahoma Attorney General | The Honorable Gentner Drummond | Oklahoma | Paper Mail |
| Office of the Oregon Attorney General | The Honorable Dan Rayfield | Oregon | Paper Mail |
| Office of the Pennsylvania Attorney General | The Honorable Dave Sunday | Pennsylvania | Paper Mail |
| Puerto Rico Department of Justice | The Honorable Janet Parra-Mercado | Puerto Rico | Paper Mail |
| Office of the Rhode Island Attorney General | The Honorable Peter F. Neronha | Rhode Island | Paper Mail |
| Office of the South Carolina Attorney General | The Honorable Alan Wilson | South Carolina | Paper Mail |
| Office of the South Dakota Attorney General | The Honorable Marty Jackley | South Dakota | Paper Mail |
| Office of the Tennessee Attorney General | The Honorable Jonathan Skrmetti | Tennessee | Paper Mail |
| Office of the Texas Attorney General | The Honorable Ken Paxton | Texas | Paper Mail |
| Office of the Utah Attorney General | The Honorable Derek Brown | Utah | Paper Mail |
| Office of the Vermont Attorney General | Shea Honorable Charity R. Clark | Vermont | Paper Mail |
| Office of the Virgin Islands Attorney General | The Honorable Gordon C. Rhea | Virgin Islands | Paper Mail |

**Shea v. American International College**

**CAFA Notice Recipient List**

| | | | |
|---|---|---|---|
| Office of the Virginia Attorney General | The Honorable Jason Miyares | Virginia | Paper Mail |
| Office of the Washington Attorney General | The Honorable Nick Brown | Washington | Email |
| Office of the West Virginia Attorney General | The Honorable John B. McCuskey | West Virginia | Email |
| Office of the Wisconsin Attorney General | The Honorable Joshua Kaul | Wisconsin | Paper Mail |
| Office of the Wyoming Attorney General | The Honorable Bridget Hill | Wyoming | Paper Mail |

# EXHIBIT B

**Why am I receiving this notice?** A Settlement has been reached with American International College ("AIC") in a class action lawsuit ("Settlement"). The case is about the November 2023 cyberattack on AIC's computers (the "Data Incident"). Files containing private information were accessed. AIC denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

**Who is included in the Settlement?** The Court has defined the class as: "The Court has defined the Settlement Class as: All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including, but not limited to, individuals who received notice of the Data Incident.."

The Court has appointed an experienced attorney, called "Class Counsel," to represent the Class.

**What are the Settlement benefits?** You can claim two years of **Credit Monitoring Services** and one or more of the **Cash Payment** options.

**Cash Payment A:** A pro rata cash payment estimated to be approximately $50, depending on the number of valid claims submitted.

**Cash Payment B:** If you have documented losses you can get **$5,000**. Full details and instructions are available online.

**How do I receive a benefit?** If you are claiming reimbursement for Out-of-Pocket Losses (up to $5,000), you must submit documentation. Claims may be submitted online or by mail using the full Claim Form available on the Settlement Website. Tear at perforation, and return by U.S. Mail. Postage is already paid. For a full paper Claim Form call **(833) 386-6521**. **Claims must be submitted online or postmarked by July 22, 2026.**

**What if I don't want to participate in the Settlement?** If you do not want to be part of the Settlement, you must exclude yourself by **June 22, 2026**, or you will not be able to sue AIC for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **June 22, 2026**. The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on **August 6, 2026**, at **11:30 A.M.** at the District Court for the District of Massachusetts, at 1 Courthouse Way, Boston, Massachusetts 02210, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorney's fees and costs of up to $105,000; costs of litigation; and $5,000 for the Plaintiff. You may attend the hearing at your own cost, but you do not have to.

**This notice is only a summary. Visit the settlement website online or scan this QR code for complete information.**



---

www.AICDataSettlement.com

CaseID: 9365
SIMID: «SIMID»

---

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL    PERMIT NO 47    COSTA MESA CA

POSTAGE WILL BE PAID BY ADDRESSEE

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

AIC DATA INCIDENT SETTLEMENT
C/O SETTLEMENT ADMINISTRATOR
P.O. BOX 25226
SANTA ANA, CA  92799



AIC Data Incident Settlement
c/o Settlement Administrator
P.O. Box 25226
Santa Ana, CA 92799

First-Class
Mail
US Postage
Paid
Permit #__

***Kelly Shea v.***
***American International College***
Case No. 1:24-cv-11449-AK

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE NOVEMBER 2023 <u>AMERICAN INTERNATIONAL COLLEGE</u> DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

*A court has authorized this Notice.*

*This is not a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**This notice is only a summary. Visit www.AICDataSettlement.com Or scan this QR code for complete information.**

Unique ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

Postal Service: Please do not mark barcode

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«Address1» «Address2»
«City», «State» «Zip»

---

**AIC Data Incident Settlement**

《First1》 《Last1》
《Addr1》 《Addr2》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return by U.S. Mail no later than **July 22, 2026.***

*Only one Claim Form per Class Member.*

Unique ID: 《 ClaimLoginID》
PIN: 《ClaimLoginPIN》

**INSTRUCTIONS:** Use this card to submit your claim for two years of **Credit Monitoring Services** and/or the $50.00 **Cash Payment A - *Pro Rata* Cash Payment**.

To claim cash payments for out-of-pocket expenses, visit the settlement website at **www.AICDataSettlement.com.** To request a full paper Claim Form, call **(833) 386-6521.**

☐ Check this box to enroll in two years of **Credit Monitoring Services** from CyEx Financial Shield Complete.

Please **PRINT** your email address below (required):

|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

☐ Check this box to claim a one-time $50.00 **Cash Payment A - *Pro Rata* Cash Payment**.

How would you like to be paid:

Check ***one***:  ☐ PayPal  ☐ Venmo  ☐ Zelle  ☐ Virtual Prepaid Card  ☐ Check (sent to above address)

For digital payment options, please **PRINT** your email address below:

|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|



Notify us if your contact information is different from what is shown above, or changes after submitting this form.

CaseID: 9365
SIMID: «SIMID»

# EXHIBIT C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE NOVEMBER 2023 AMERICAN INTERNATIONAL COLLEGE DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with American International College ("AIC" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on AIC's computer systems that occurred in November 2023 (the "Data Incident"). Certain files that contained private information were accessed. These files may have contained personal information such as Social Security numbers; dates of birth; and financial information.

- The lawsuit is called *Kelly Shea v. American International College*, Case No.1:24-cv-11449-AK. It is pending in the District Court for the District of Massachusetts (the "Litigation").

- AIC denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- AIC's records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from AIC.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form. The fastest way to submit your Claim Form is online at www.AICDataSettlement.com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **July 22, 2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **June 22, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **June 22, 2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ...................................................................................................... 3

WHO IS IN THE SETTLEMENT ........................................................................................ 4

THE SETTLEMENT BENEFITS......................................................................................... 4

SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ................................... 5

THE LAWYERS REPRESENTING YOU ........................................................................... 6

EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................... 6

COMMENTING ON OR OBJECTING TO THE SETTLEMENT....................................... 7

THE COURT'S FINAL APPROVAL HEARING ................................................................ 8

IF I DO NOTHING ............................................................................................................. 8

GETTING MORE INFORMATION ................................................................................... 9

# Basic Information

## 1. Why was this Notice issued?

The District Court for the District of Massachusetts, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK. It is pending in the District Court for the District of Massachusetts. The person that filed this lawsuit is called the "Plaintiff" (or "Class Representative") and the company they sued, American International College, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that during the November 2023 targeted cyberattack on AIC's computer systems, certain files that contained private information were accessed. These files may have contained personal information such as Social Security numbers; dates of birth; and financial information.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representative is Kelly Shea. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiff or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiff and their attorney think the Settlement is best for all Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Court has defined the Settlement Class as: "All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including, but not limited to, individuals who received notice of the Data Incident."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) the Judge in this case, and the Judge's family and staff; (2) AIC and its officers, directors, and related companies; and (3) anyone who validly excludes themselves from the Settlement.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@AICDataSettlement.com
- Call toll free, 24/7: (833) 386-6521
- By mail:  AIC Data Incident Settlement
       c/o Settlement Administrator
       P.O. Box 25226
       Santa Ana, CA 92799

You may also view the Settlement Agreement at www.AICDataSettlement.com.

# The Settlement Benefits

## 7. What does the Settlement provide?

AIC will establish a Settlement Fund of $315,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING SERVICES.** All Class Members are eligible to enroll in two years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Cash Payment A - *Pro Rata* Cash Payment.** All Class Members may claim a one-time *pro rata* cash payment.

4

After payment of approved fees, expenses, service awards, administrative costs, and other valid claims, the remaining Settlement Fund will be distributed pro rata to Settlement Class Members who submit valid claims for Cash Payment A. All of this remaining money will be divided equally between everyone who claims Cash Payment A - *Pro Rata* Cash Payment.

This payment is expected to be **$50.00**, but may be larger or smaller depending on the total claims filed.

**Cash Payment B - Reimbursement For Out-Of-Pocket Losses.** If you incurred actual, documented out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between November 14, 2023, and July 22, 2026.

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone are not enough to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@AICDataSettlement.com
- Call toll free, 24/7: (833) 386-6521
- By mail:  AIC Data Incident Settlement
  c/o Settlement Administrator
  P.O. Box 25226
  Santa Ana, CA 92799

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against AIC about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section XI) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.AICDataSettlement.com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.AICDataSettlement.com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

**Questions? Call (833) 386-6521 Toll-Free or Visit www.AICDataSettlement.com**

AIC Data Incident Settlement
c/o Settlement Administrator
P.O. Box 25226
Santa Ana, CA 92799

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, (833) 386-6521, by email info@AICDataSettlement.com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by July 22, 2026. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than July 22, 2026.

## 11. When will the Settlement benefits be issued?

The Court will hold a Final Approval Hearing on August 6, 2026 (*see* **Question 18)**. If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorney Cassandra P. Miller of Strauss Borrelli PLLC, to represent you and other Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $105,000.00 as reasonable attorneys' fees, plus reimbursement of litigation costs. This amount will be paid from the Settlement Fund.

Class Counsel will also ask for a Service Award Payment of $5,000.00 for the Class Representative. The Service Award Payment will also be paid from the Settlement Fund.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue AIC on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is June 22, 2026.

To be valid, your Request for Exclusion must have the following information:

(1)  the name of the Litigation: *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK, pending in the District Court for the District of Massachusetts;

(2)  your full name, mailing address, telephone number, and email address;

(3)  personal signature; and

(4)  the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

> AIC Data Incident Settlement
> c/o Settlement Administrator
> P.O. Box 25226
> Santa Ana, CA 92799

Your Request for Exclusion must be submitted, postmarked, or emailed by June 22, 2026.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* Question 15)

You must provide the following information for the Court to consider your objection:

(1)  the name of the Litigation: *Kelly Shea v. American International College*, Case No. 1:24-cv-11449-AK, pending in the District Court for the District of Massachusetts;

(2)  your full name, mailing address, telephone number, and email address;

(3)  a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(4)  whether the objection applies only to you, or to other Class Members, as well;

(5)  if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

(6)  whether or not you or your lawyer would like to speak at the Final Approval Hearing;

7

(7)   if you or your lawyer have objected in any other cases, list the names, courts, and civil action numbers for each of those cases; and

(8)   your signature (or, if you have hired your own lawyer, your lawyer's signature).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by June 22, 2026. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>1 Courthouse Way<br>Boston, Massachusetts 02210 | AIC Data Incident Settlement<br>c/o Settlement Administrator<br>P.O. Box 25226<br>Santa Ana, CA 92799 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a Final Approval Hearing on **August 6, 2026 at 11:30 AM Eastern Time**, in Room 8 of the District Court for the District of Massachusetts, at 1 Courthouse Way, Boston, Massachusetts 02210.

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award a Service Award Payment to the Class Representative. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (***See* Question 16**).

The date and time of this hearing may change without further notice. Please check www.AICDataSettlement.com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.AICDataSettlement.com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@AICDataSettlement.com
- Call toll free, 24/7: (833) 386-6521
- By mail:  AIC Data Incident Settlement
       c/o Settlement Administrator
       P.O. Box 25226
       Santa Ana, CA 92799

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, 1 Courthouse Way, Boston, Massachusetts 02210.

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

# EXHIBIT D

**Your claim must be submitted online or postmarked by: July 22, 2026**

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by: July 22, 2026**

---

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The Court has defined the Settlement Class as: "All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2023, including, but not limited to, individuals who received notice of the Data Incident."

**Excluded from the Settlement Class** are: (1) the Judge in this case, and the Judge's family and staff; (2) AIC and its officers, directors, and related companies; and (3) anyone who validly excludes themselves from the Settlement.

### COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS

---

## AVAILABLE BENEFITS

AIC will establish a Settlement Fund of $315,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING SERVICES.** All Class Members are eligible to enroll in two years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Cash Payment A - *Pro Rata* Cash Payment.** All Class Members may claim a one-time *pro rata* cash payment.

It is expected that a significant amount of money will remain in the Settlement Fund after all expenses and all other benefits have been paid. All of this remaining money will be divided equally between everyone who claims Cash Payment A - *Pro Rata* Cash Payment.

This payment is expected to be **$50.00**, but may be larger or smaller depending on the total claims filed.

**Questions? Call (833) 386-6521 Toll-Free or Visit www.AICDataSettlement.com**

**Your claim must be submitted online or postmarked by: July 22, 2026**

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by: July 22, 2026**

**Cash Payment B - Reimbursement For Out-Of-Pocket Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between November 14, 2023, and July 22, 2026.

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@AICDataSettlement.com
- Call toll free, 24/7: (833) 386-6521
- By mail:  AIC Data Incident Settlement
          c/o Settlement Administrator
          P.O. Box 25226
          Santa Ana, CA 92799

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT WWW.AICDATASETTLEMENT.COM.**

You may also print out and complete this Claim Form, and submit it by U.S. mail.

An electronic image of the completed Claim Form can also be emailed to info@AICDataSettlement.com.

**You must submit your Claim Form online, by mail, or by email no later than July 22, 2026.**

**Questions? Call (833) 386-6521 Toll-Free or Visit www.AICDataSettlement.com**

<table>
<tr><td>

**Your claim must
be submitted
online or
postmarked by:
July 22, 2026**

</td><td>

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must
be submitted
online or
postmarked by:
July 22, 2026**

</td></tr>
</table>

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Unique ID (if known)

## II. CREDIT MONITORING SERVICES

☐    Check this box if you would like to enroll in two years of Credit Monitoring Services from CyEx Financial Shield Complete.

## III. CASH PAYMENT A - *PRO RATA* CASH PAYMENT

☐    Check this box if you want to claim a one-time $50.00 *pro rata* cash payment.

**Questions? Call (833) 386-6521 Toll-Free or Visit www.AICDataSettlement.com**

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

<table>
<tr><td>**Your claim must be submitted online or postmarked by: July 22, 2026**</td></tr>
</table>

<table>
<tr><td>**Your claim must be submitted online or postmarked by: July 22, 2026**</td></tr>
</table>

## IV. CASH PAYMENT B - REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

☐  Check this box if you would like to claim reimbursement for <u>documented</u> losses due to identity theft or fraud. You can get back up to $5,000.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| *Description of Documentation Provided* | *Amount* |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL CLAIMED:** |  |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## V. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐  **PayPal**
Email address, if different than you provided in Section 1:_____

☐  **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐  **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐  **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐  **Physical Check**
Payment will be mailed to the address provided in Section 1.

**Questions? Call (833) 386-6521 Toll-Free or Visit www.AICDataSettlement.com**

**Your claim must be submitted online or postmarked by: July 22, 2026**

*Kelly Shea v. American International College*
Case No. 1:24-cv-11449-AK
District Court for the District of Massachusetts

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by: July 22, 2026**

## VI.  ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

| | | |
|---|---|---|
| Signature | Printed Name | Date |

**Questions? Call (833) 386-6521 Toll-Free or Visit www.AICDataSettlement.com**